PATRICK CASEY *vs.* WILLIAM D. DAVIS & others.

An agent is not chargeable as trustee in foreign attachment for wages due from his principal to the defendant; and if he is erroneously charged, and pays the amount of the wages to the officer on the execution, neither the payment, nor the allowance of it to him by the principal in a settlement of accounts, nor the fact that at the time of the levy of the execution the defendant told the officer that he might apply those wages towards satisfying the execution, is any defence to an action brought in the name of said defendant against said principal, for the wages, by a person claiming them under an assignment from said defendant of which the agent had notice before he paid the officer.

CONTRACT against William D. Davis, Cyrus Harris and Stephen Harris, copartners, " doing business at Uxbridge under the name and style of William D. Davis & Co., Cyrus T. Scott, agent," to recover wages due to Casey for labor of himself and his minor children in the defendants' mill. Writ dated May 22, 1867. It was conceded that the plaintiff was entitled to recover unless the court should otherwise determine on facts agreed substantially as follows :

On March 16, 1867, the wages sued for were due to Casey from the defendant firm, all the members of which lived in Rhode Island, but which owned and worked the mill in Uxbridge in this state. On that day Charles Fairbanks commenced an action of foreign attachment before a justice of the peace against Casey and Scott as his trustee, and service was made on the alleged trustee, who was described in the writ as " Cyrus T. Scott of said Uxbridge, as he is the agent of William D. Davis, Cyrus Harris and        Harris, all of the state of Rhode Island, doing business as partners under the name and style of William D. Davis & Co. at Uxbridge aforesaid by their said agent." On March 20 Casey by an instrument in writing assigned to Richard D. Mowry for a valuable consideration all claims and demands which he had or might have against William D. Davis & Co. for labor of himself and his children, and Mowry gave Scott notice of the assignment, and Scott acknowledged receipt of the notice, " but not doing any act to accept the said assignment or to assent to the same." On April 15 Mowry gave Scott further notice that he claimed the sum in

contioversy by virtue of the assignment, and Scott then " declined to recognize said assignment or to pay any money on the same." On April 27 Fairbanks obtained judgment, on their default, against Casey and Scott as trustee, neither of whom appealed; and on April 29 execution issued on the judgment. Scott, on May 2, paid to the officer, on this execution, the amount of the wages in question due from William D. Davis & Co. to Casey; and Casey " told the officer at the time of the levy of said execution that he might apply the amount in their hands to the payment of said execution;" and subsequently they allowed to Scott, in a settlement of his accounts with them, the sum which he so paid. After all this, Mowry brought the present action in Casey's name but for his own benefit.

*F. Deane,* for Mowry, was stopped by the court.

*G. W. Hobbs,* for the defendants.

CHAPMAN, C. J. The proceedings in the action brought by Fairbanks against Casey and Cyrus T. Scott as his trustee constitute no defence to this action. Scott is described " of said Uxbridge, as he is the agent of William D. Davis, Cyrus Harris and          Harris, all of the state of Rhode Island, doing business as partners under the name and style of William D. Davis & Co. at Uxbridge aforesaid by their agent." Judgment was rendered in the action, against Casey and against Scott as his trustee. This judgment did not affect these defendants, not being against the goods, effects or credits of Casey in their hands. Scott's agency for them did not render him liable to the process; for the principal, not the agent, is the party to whom the goods, effects or credits are intrusted, and who is liable to the trustee process.

Scott ought to have been discharged; but his being charged does not affect the rights or liabilities of Davis & Co. The assignment of Casey to Mowry four days afterwards, with notice thereof to Scott, who was the agent of Davis & Co., gave to Mowry the right to prosecute the present action in the name of Casey. The fact that Casey afterwards, when the execution was levied, consented to the payment of the funds to be applied

on the writ is immaterial, because the rights of Mowry had then accrued and Scott had notice of them.

*Judgment for the plaintiff.*