LUTHER R. WRIGHT, PLAINTIFF IN ERROR, V. THE CHICAGO, BURLINGTON & QUINCY RAILROAD CO., DEFENDANT IN ERROR.

1. **Exemption:** THE WAGES for sixty days' services of laborers, mechanics, or clerks, who are heads of families, in the hands of those by whom such laborers, mechanics, or clerks may be employed, are exempt from execution, attachment, or garnishment, whether the employe is a resident of the state or not. Such wages are absolutely exempt.

2. **Garnishment.** A foreign corporation having no property of the debtor in this state nor owing money to him payable therein is not subject to garnishment in this state.

3. ————: EXEMPT WAGES. Where an employer is garnished for wages for sixty days' services of a laborer, mechanic, or clerk who is the head of a family, he should state the facts in his an-

swer, showing that such wages are exempt, and that he is not liable as garnishee.

4.    ————: ————: DEBT CONTRACTED IN A FOREIGN STATE. Where a debt was contracted in Iowa, the parties residing there, and a creditor of the debtor not subject to garnishment in that state, the exemption will continue in this state in case an action is brought on the claim.

ERROR to the district court for Douglas county.    Tried below before NEVILLE, J.

*W. J. Connell,* for plaintiff in error, cited: *B. & M. R. R. v. Thompson,* 1 Pac. Rep., 622.    *Mooney v. U. P. R. R.,* 14 N. W. R., 343.    *Conley v. Chilcote,* 25 Ohio State, 320.

*Howard B. Smith,* for defendant in error, cited : *Pundt v. Clary,* 13 Neb., 407.    *Fitzgerald v. Hollingsworth,* 14 Neb., 188.    *Pierce v. C. & N. W. R. R.,* 36 Wis., 288. Thompson's Exemptions, §§ 833, 838.    *Jones v. Comings,* 6 N. H., 497.

MAXWELL, CH. J.

This action was brought before a justice of the peace by the plaintiff against one L. N. Kintz, to recover judgment on an account assigned to the plaintiff.    An affidavit for an attachment was made and filed upon the ground that Kintz was a non-resident of this state, and an order of attachment and notice of garnishment served on the defendant. The defendant thereupon filed an answer as follows:

" Now comes the said Chicago, Burlington & Quincy R. R. Co., and for its answer as garnishee says :

1st.    That L. N. Kintz had due him, at the time of the service of the garnishee process in the cause, $60 as wages earned in its employ.

2d.    That said garnishee did not have at or after the service of the garnishee process upon it in this action any other property, money, rights, credits, or effects of any kind

or nature whatever in its possession, or under its control, due or belonging to said L. N. Kintz, defendant.

3d. That said L. N. Kintz, defendant, was hired and employed in, and the contract for said hiring and employment was made in, the state of Iowa, that the service for which said amount is due was performed in said state, and it was agreed between the parties hereto, said garnishee and said defendant, that said wages should be paid in said state; that there has been no demand for the payment of the said amount so due made in the state of Iowa upon the garnishee by said defendant or any other person.

4th. That the cause of action upon which this suit is brought arose in the State of Iowa.

5th. That the assignors, Taylor & Calef, under a pretended assignment from whom the plaintiff in this action claims, were at all times mentioned and still are residents of the state of Iowa; that said L. N. Kintz, defendant, was at all times mentioned herein and still is a married man, the head of a family and a resident of the state of Iowa. The said amount so due as aforesaid is due said defendant as earnings and wages for his personal service performed within ninety days next preceding the service of garnishee process herein; that said amount is not more than sixty days' wages of the said defendant as a clerk in the employ of the garnishee; that under the laws of the state of Iowa the said defendant is entitled to the said amount as exempt from garnishment, attachment, and execution; that the law referred to is as follows: Sec. 3072, Code of Iowa, 1873, provides that any debtor a resident of the state of Iowa, and the head of a family, may hold exempt from execution the following (here follows a specification of the articles exempt). Sec. 3074, Code of Iowa, 1873, is as follows: The earnings of such a debtor, for his personal service or those of his family, at any time within ninety days next preceding the levy are also exempt from execution or attachment.

12

6th.    And further answering said garnishee says : That it is advised that said amount is exempt to said defendant under the laws of the state of Nebraska.

7th.    And further answering said garnishee says : That it is a foreign corporation, that it is not a corporation existing under the laws of the state of Nebraska, that it is not a corporation within the county where the action is brought, that the said W. J. Davenport upon whom garnishee process was served in this case has his residence in Council Bluffs, Iowa, that he is present in Nebraska but a few hours each day, that he has no authority to pay out money of said garnishee defendant.    That the garnishee is put to great trouble and expense in answering garnishee process in the state of Nebraska, for the reason that the books showing the amount due its employes are not kept in the state of Nebraska, but in the state of Illinois, and its paymaster does not enter the state of Nebraska and has no agent in said state that has authority to audit claims against it or to pay out money for it.

8th.    And further answering garnishee says : That it is informed and believes that the pretended assignment under which the plaintiff in this case claims is not *bone fide*, but was made without consideration, and for the sole purpose of evading the exemption law of the state of Iowa, and that said Luther R. Wright is not the real party in interest in this action, but that the said Taylor & Calef are the real party in interest herein.    And garnishee alleges that it may endanger its rights and become involved in expensive litigation if it should be required by the court to pay said amount into court.

Wherefore garnishee prays to be discharged from further liability herein."

The plaintiff thereupon moved to strike from the answer of the garnishee the 3d, 4th, 5th, 6th, 7th, and 8th paragraphs, for the reason that the matter therein contained was " unauthorized and voluntary, and forms no part of

the answer of a garnishee," etc. The motion was sustained and the defendant ordered to pay the amount of $41 into court to apply on the judgment to be recovered by the plaintiff against Kintz. Afterwards judgment was rendered by default in favor of the plaintiff for the sum of $28.89 and $12.90 costs of suit, and an order was again entered that the defendant "pay into court the sum of $41 of the amount in its possession belonging to said defendant, said sum to be applied in satisfaction of the above judgment." From this order the defendant took the case on error to the district court, where the order of the justice was reversed. The cause is now brought into this court on error to reverse the judgment of the district court.

The amount involved in this case is not large, but the questions presented are quite important, and as they have not heretofore been considered by this court it is necessary to examine the decisions relating to them.

In 1869 the legislature passed "an act to exempt laborers', mechanics', and clerks' wages in the hands of employers from execution, attachment, and garnishee process," which act as amended in 1873 is as follows (General Statutes, 715):

"Section 1. The wages of laborers, mechanics, and clerks, who are heads of families, in the hands of those by whom such laborers, mechanics, or clerks may be employed, both before and after such wages shall be due, shall be exempt from the operation of attachment, execution, and garnishee process; *Provided,* That not more than sixty days' wages shall be exempt; *Provided further,* That nothing in this act shall be so construed as to protect the wages of persons who have or are about to abscond or leave the state from the provisions of law now in force upon that subject; *Provided further,* That nothing in this act shall be so construed as to permit the attachment of sixty days' wages in the hands of the employer."

This act is now in force (Comp. St., Code, § 531a). It

was passed as an independent act and not as an amend-
ment of the exemption laws.    There is no requirement,
therefore, that the debtor shall be a resident of the state,
and unless we find from other provisions that it was the
intention of the legislature to limit the relief to residents
of the state, it must be declared applicable to any head of
a family whether a resident of the state or not.

A question similar to that under consideration was re-
cently before the supreme court of Kansas, in *Mo. P. Ry.
Co. v. Maltby*, 8 Pacific Rep., 235.    In that case the parties
were residents of Missouri, and the debt was contracted
there, and by the laws of that state the money in the hands
of the garnishee was exempt from garnishment, and was
also exempt in Kansas.    The summons was served on the
debtor in Bourbon county, Kansas, and the notice of gar-
nishment on the railroad company in the same county.
The railroad company filed an answer claiming it was not
liable as garnishee, and that the court had no jurisdiction
over it, and that the sum due from it to the debtor was ex-
empt from judicial process.    The justice, however, refused
to act upon this answer.    Afterwards the creditor brought·
an action against the debtor and railroad company to recover
$116.40.    The railway company and the debtor answered
separately, each claiming that the debt due from the rail-
way company was exempt from judicial process, that the
railway company was not liable to be garnished for the
same, and that the railway company was not liable in the
action.    The supreme court sustained the answer.    It is
said (page 239): " In a proceeding in garnishment where
all the parties are non-residents of the state of Kansas and
are residents of the state of Missouri, and the thing at-
tempted to be attached by the garnishment proceedings is
a debt created and payable in the state of Missouri, but
the garnishee does business and is liable to be garnished in
this state, and the other parties come temporarily into Kan-
sas, and while in Kansas the plaintiff, who is a creditor of

the defendant, who is a creditor of the garnishee, commences an action in Kansas against the defendant and serves a garnishment summons upon the garnishee, and the debt of the garnishee to the defendant is by the laws of the state of Missouri exempt from garnishment process, and such debt also seems to come within the exemption provisions contained in section 490 of the civil code of Kansas, and section 157 of the justice's code of Kansas exempting certain earnings of the debtor from the enforced payment of his debts, such debt is exempt from garnishment process in Kansas."

In *Mineral Point R. R. Co. v. Barron*, 83 Ill., 365, exemption was claimed under the following provision of statute: "The wages and services of a defendant, being the head of a family and residing with the same, to an amount not exceeding $25, shall be exempt from garnishment." The court held that this provision applied to non-residents as well as residents. This was affirmed in *C. & A. R. R. Co. v. Ragland*, 84 Ill., 375.

In *Lowe v. Stringham*, 14 Wis., 241, it was held that the statutory provisions relating to the exemption of personal property applied to persons temporarily sojourning within the state, as well as to permanent residents. It is said (page 244): "It would be entirely inconsistent with the beneficent intentions of the statute, as well as the dignity of a sovereign state, to say that the temporary sojourner or even the stranger within our gates was not entitled to its protection."

In *Hill v. Loomis*, 6 N. H., 263, it was held that certain specific property was exempt by the laws of that state, even though the debtor resided in another state. To the same effect see *Sproul v. McCoy*, 26 O. S., 577. *Haskill v. Andros*, 4 Vt., 609. *Casey v. Davis*, 100 Mass., 124. A few cases may be found in which it has been held the proceedings in cases like that under consideration are valid, but they are placed upon ground that we cannot approve.

While the exemption laws of a state have no extra terri-
torial effect, yet they should be so construed as to give
them effect.    The statute is remedial in its nature, and in
construing remedial statutes the well-known rule as stated
by Blackstone (1 Com., 87) should be applied, viz., to con-
sider the old law, the mischief, and the remedy, and to so
construe the law as to suppress the mischief and advance
the remedy.    Here the purpose of the act was to exempt
sixty days' wages of the head of a family.    The statute is
based upon the presumption that the family of a person
in the employ of another is usually dependent on such per-
son for support.    It can make no difference, therefore, where
the family or the head of the family resides, as such wages
must be applied to the purposes for which they were intended
—the support of the family, or suffering would be the result.
It certainly would be a very narrow view of the law to
limit its beneficent provisions to residents of the state.
This we cannot do; but hold that the language is general
in its application, and that sixty days' wages are exempt
in favor of the head of a family in all cases, no matter
where they reside.

2.    It is alleged in substance in that part of the answer
that was stricken out, that the defendant is a foreign cor-
poration; that it is not a corporation doing business in this
state, and that it has no agent here except W. J. Daven-
port, upon whom garnishee process was served, whose resi-
dence is Council Bluffs, Iowa, but who is present in this
state for a few hours each day, etc.

The rule is well settled that process of garnishment served
upon a non-resident of the state, but temporarily within it,
is not effectual as an attachment.    The reason is, that prop-
erty without the state, in the hands of non-residents, and
debts due from them there, are not within the jurisdiction
of the court, and therefore the court cannot act upon the
property or debt in the hands of such garnishee.    *Green v.
Farmers', etc., Bank*, 25 Conn., 451.    *Casey v. Davis*, 100

Mass., 124. *Sawyer v. Thompson*, 24 N. H., 510. That is, if it appears that the garnishee has no money or property of the principal debtor in the state, or that there is no money due from him to be paid therein, he will not be chargeable as garnishee. *Lawrence v. Smith*, 45 N. H., 533. *Nye v. Liscombe*, 21 Pick., 263. *Tingley v. Bateman*, 10 Mass., 343. *Jones v. Winchester*, 6 N. H., 497. *Mathews v. Smith*, 13 Neb., 190. *Danforth v. Penny*, 3 Met., 564. *Gold v. Housatonic R. R. Co.*, 1 Gray, 424. The defendant, therefore, is not liable on that ground.

3. The right of the railroad company to plead the exemption.

In *Missouri Pacific Ry. Co. v. Maltly*, 8 Pacific Rep., 235, it was held that the garnishee may interpose the exemption as well as the debtor himself. *Moll v. Jones*, 33 Kas., 112. This is according to the established rule, that the garnishee must disclose every fact which would have prevented a judgment against him. Drake on Attachment, § 630, and cases cited. As sixty days' wages are absolutely exempt in favor of the heads of families, it is the duty of an employer, when summoned as garnishee, to state that the debtor is the head of a family, and that the amount owing to said debtor—stating it—is for wages earned within sixty days. This, if true, is a complete defense to the garnishment proceedings. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.