NORTHFIELD KNIFE CO. ET AL., PLAINTIFFS IN ERROR,. v. A. F. SHAPLEIGH ET AL., DEFENDANTS IN ERROR.

1. **Garnishment.** Proceedings in garnishment bind the garnishee from the time of the service of the notice, and the property in his hands is not thereafter subject to levy and sale on process thereafter issued against the debtor during the continuance of the attachment.

2. ———: ATTACHMENT CREDITORS: PRIORITY OF LIENS. Where a number of attachments have been issued against a debtor and notices of garnishment served upon a garnishee, and certain other creditors thereafter obtain separate judgments against the debtor and proceed to levy executions upon the goods in the hands of the garnishee, the attaching creditors in an action to determine the priority of liens and for an injunction may enjoin the defendants from selling under their execution until the final determination of the case.

3. ———: RECEIVER. Where a garnishee abandons the property of the debtor in his hands after service of notice, the court may appoint a suitable person to take charge of, and if necessary dispose of, such property.

ERROR to the district court for Cass county. Tried below before CHAPMAN J.

*W. L. Browne, O. H. Ballou,* and *S. P. Vannatta,* for plaintiffs in error, cited: *McConnell v. Denham,* 34 N. W. R., 298. *Bigelow v. Andress,* 31 Ill., 322. 2 Wade on Attachment, 3. Code, Sec. 267. Id., Secs. 213, 214, 269, 274.

*M. A. Hartigan* and *R. B. Windham,* for defendants in error, cited: Code, Secs. 95, 213, 215, 218. *Mathews v. Smith,* 13 Neb., 178. *Brashear v. West,* 7 Peters, 608. *Swett v. Brown,* 5 Pick., 178. *Faulkner v. Myers,* 6 Neb., 418.

MAXWELL, J.

This action was brought by the plaintiffs in the district court of Cass county to restrain the defendants from selling certain goods of one John S. Duke upon executions.

It is alleged in the petition that, on or about December 20, 1887, the several plaintiffs had begun suits in said court against one John S. Duke, a hardware merchant in said county, and had sued out orders of attachment on the stock of goods then owned by said Duke; that when an attempt was made to levy said attachments, plaintiff therein learned that said Duke was not in possession of the goods, but that Sherman S. Jewett & Co., by their agent, W. S. Wise, had the actual and manual possession thereof, and the attachments were not levied, but that on further showing the plaintiffs sued out garnishee process against said Wise, and had the same served on said garnishee and Duke; that said Wise proceeded to answer said garnishee process, and did appear in the district court of Cass county, on the 16th day of January, 1888, and answered in said cause that he held said stock of goods under a chattel mortgage securing $800, and that the invoiced and appraised value of said stock was about $4,000; that the defendants and others did obtain judgments in the county court of Cass county, Neb., in the several sums due from said Duke, and did sue out executions on said judgments, and caused the same to be placed in the hands of M. McElwain, constable, who levied the same on the unsold portion of said stock of goods. There is also an allegation that the garnishee is about to abandon or has abandoned the care of the property. The prayer is for a decree adjusting the priority of the liens, and to enjoin the defendants from selling said property in satisfaction of the executions in their hands until the liens of the plaintiffs are satisfied, and for the appointment of a receiver.

The defendants demurred to the petition, upon the

ground that the court had no jurisdiction; that the facts stated in the petition did not constitute a cause of action, and that there was a misjoinder of parties plaintiff and defendant.

The demurrer was overruled, and the defendants electing to stand on their demurrer, judgment was entered as prayed in the petition.

Three questions are presented by the record: 1st, Whether service of a notice upon a garnishee creates a lien on the goods of the debtor in his hands. 2d, Whether an action in equity can be maintained to determine the priority of liens and for an injunction till the final hearing. 3'd, The authority of the court to appoint a person to take charge of goods which a garnishee declines to retain in his hands. .

In *Mathews v. Smith,* 13 Neb., 179, and *Reed v. Fletcher,* ante p. 435, it was held that, upon service of a notice on a garnishee, it created a trust in the property in his possession. Hence to entitle the creditor to serve notice upon the garnishee the property or credits must be within the jurisdiction of the court; therefore, if a non-resident of the state should come into it for a mere temporary purpose, but have no property of the debtor in his hands in the state, he would not be liable as garnishee. *Baxter v. Vincent,* 6 Vt., 614. *Ray v. Underwood,* 3 Pick., 302. *Wright v. C., B. & Q. R. R.,* 19 Neb., 175. *Green v. Farmers, etc., Bank,* 25 Conn., 451. *Casey v. Davis,* 100 Mass., 124. *Sawyer v. Thompson,* 24 N. H., 510. *Lawrence v. Smith,* 45 N. H., 533. *Nye v. Liscombe,* 21 Pick., 263. *Tingley v. Bateman,* 10 Mass., 343. *Jones v. Winchester,* 6 N. H., 497. *Mathews v. Smith,* 13 Neb., 190. *Danforth v. Penny,* 3 Met., 564. *Gold v. Housatonic R. R. Co.,* 1 Gray, 424.

As is said in *Wright v. C., B. & Q. R. R. Co., supra,* if it appears that the garnishee has no money or property of the principal debtor in the state, or that there is no money

·due from him to be paid therein, he will not be chargeable as garnishee.

The goods and the party garnished being both within the jurisdiction of the court, it will exercise such jurisdiction over them as the necessities of the case may require.

We are aware that in *Bigelow v. Andress*, 31 Ill., 322, it was held that garnishment imposed no lien upon the goods in the garnishee's hands, and did not put them in *custodia legis.* If this was the rule; proceedings by garnishment would be an expensive farce, which would give the attaching creditor no rights under the attachment. Neither can the right be restricted to the personal liability ·of the garnishee, as he might be insolvent or unable to pay the value of the property. We hold, therefore, that garnishment is an attachment of the goods in ·the hands of ·the garnishee, and that such goods are not subject to levy and sale upon process thereafter levied, during the continuance of said attachment.

In this case it is alleged in the petition that a number ·of executions had been levied by the defendants upon executions issued on judgments against Duke, and that a sale thereunder would defeat the plaintiff's claims. In such a case, while the plaintiffs have a remedy at law by bringing separate actions ¡against the defendants, still it would not be adequate. An action in equity, therefore, is the proper remedy to prevent a multiplicity of suits and determine the priorities of the several liens of the parties.

Sec. 213 of the code provides that, "The court, or any judge thereof during vacation, may, on the application of the plaintiff, and on good cause shown, appoint a receiver, who shall take· an oath faithfully to discharge his duty, and shall give an undertaking to the state of Nebraska, in such sum as the court or judge may direct, and with such ·security as shall be approved by the clerk of the court, for the faithful performance of his duty as such receiver, and

to pay over all money and account for all property which may come into his hands by virtue of his appointment, at such times and in such manner as the court may direct."

Sec. 214 provides that, "Such receiver shall take possession of all notes, bills, books of account, accounts, and all other evidences of debt that have been taken by the sheriff or other officers as the property of the defendant in attachment, and shall proceed to settle and collect the same. For that purpose he may commence and maintain actions in his own name as such receiver; but in such actions no right of defense shall be impaired or affected."

These sections apply alone to property taken under an attachment. Where the garnishee abandons the property, however, as is alleged in the petition in this case, there is no doubt of the power of the court to appoint a suitable person to take charge of the same. The court possesses this power independently of the statute. The property being a trust fund for the satisfaction of the judgment, the court may, when necessary for the preservation of the property, appoint a trustee to take charge of the same. If any party desire a receiver under the general law, the court no doubt in a proper case would appoint one. But that question does not arise here. There is no error in the record and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.