INTERNATIONAL FINANCE CORPORA-
TION et al. v. JAWISH.
No. 6167.

Court of Appeals of the District of Columbia.
Argued May 14, 1934.

Decided June 4, 1934.

Chas. A. Douglas and Edmund D. Campbell, both of Washington, D. C., for plaintiffs in error.

John J. Carmody and Maurice McInerney, both of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Writ of error to the municipal court involving its judgment of condemnation against plaintiffs in error for the possession of electric refrigerators.

Prior to September 29, 1932, Eugene A. Smith, Inc., was the owner of an apartment building located at 3624 Connecticut Avenue N. W., in the District of Columbia, which was subject to a deed of trust. In various apartments in the building were fourteen electric refrigerators, the property of Smith, Inc. That company having defaulted in the payment of notes secured by the deed of trust, foreclosure proceedings were instituted. Following the foreclosure sale of the real estate, the trustees executed a deed for the premises to Ernest E. Herrell and P. Raymond Boesch, as joint tenants, to hold the property for the benefit of the International Finance Corporation, the remaining plaintiff in error. The refrigerators remained in the apartments and were used by the various tenants. It is not claimed that the refrigerators were part of the real estate.

On June 5, 1933, Jawish (defendant in error) obtained a judgment against Smith,

Inc., in the municipal court for $908.24, plus interest and attorney's fee. Thereafter, on August 28, 1933, there was issued out of that court a writ of attachment on the judgment, "attaching credits in the hands of the International Finance Corporation * * * Ernest E. Herrell * * * and P. Raymond Boesch," which was served upon plaintiffs in error on that date. Attached to the writ were interrogatories, to which plaintiffs in error made answer, admitting that the refrigerators were in the various apartments, as above stated, but contending that they had been abandoned by Smith, Inc., and were, therefore, the property of the Finance Corporation; that the title of Smith, Inc., "if any," was subject to the lien of the Finance Corporation for fair and reasonable storage charges, and also subject to the lien of attachment in the case of the Finance Corporation against Smith, Inc., in the Supreme Court of the District issued on August 31, 1933, under which attachment levy was made on each of the refrigerators on September 1, 1933. To this answer defendant in error filed a traverse.

In the suit of the International Finance Corporation v. Smith, Inc., in the Supreme Court of the District, Jawish (defendant in error here) filed a verified claim to the property attached, alleging that he had acquired a lien by virtue of the writ of garnishment in the municipal court.

Thereafter, plaintiffs in error filed in the municipal court proceeding a petition for abatement of the hearing, setting up the action in the Supreme Court, the attachment and levy on the refrigerators by the marshal of that court. Plaintiffs in error claimed that by virtue of the attachment in the Supreme Court of the District that court had acquired exclusive jurisdiction to determine the question involved. The municipal court on October 9, 1933, overruled the petition of the plaintiffs in error, and trial was had. The municipal court found that the evidence did not support the claim of the garnishees (plaintiffs in error) that the refrigerators had been abandoned by Smith, Inc.; that the rights of tenants occupying the apartments to the possession of the refrigerators were subordinate to the rights of attaching creditors of Smith, Inc.; that the refrigerators became impressed with a lien in favor of Jawish at the time of the service of the writs of garnishment upon plaintiffs in error; and, therefore, that the lien of the municipal court attachment was superior to the lien of attachment issued out of the Supreme Court of the

District. Thereafter, the municipal court entered judgment that Jawish recover of the plaintiffs in error, "garnishees herein, the possession" of the refrigerators in question.

To constitute abandonment, there must be a clear and unequivocal intent to abandon on the part of the owner, and the burden is on him who alleges abandonment to establish that intent. Baglin v. Cusenier Co., 221 U. S. 580, 597, 598, 31 S. Ct. 669, 55 L. Ed. 863; Saxlehner v. Eisner & Mendelson Co., 179 U. S. 19, 31, 21 S. Ct. 7, 45 L. Ed. 60; Singer Mfg. Co. v. June Mfg. Co., 163 U. S. 169, 186, 16 S. Ct. 1002, 41 L. Ed. 118. Not only was the attitude of the plaintiffs in error inconsistent with their present claim of abandonment, but they failed to offer any substantial evidence in support of that claim. Certain it is that we would not be justified in disturbing the finding of the municipal court on this point.

In Washington Loan & T. Co. v. Susquehanna Coal Co., 26 App. D. C. 149, it was held that under the provisions of the Code (sections 447, 456, and 1089, D. C. Code, 1901, sections 123, 132, and 287, Tit. 24, D. C. Code, 1929), personal property in the hands of a trust company may be garnisheed in an action against the owner, a depositor. It follows that plaintiffs in error, being in possession of the refrigerators owned by the judgment debtor, were subject to being garnisheed under the municipal court writ of August 28th. The effect of the service of the writ of garnishment was to place the property of the judgment debtor in the garnishee's hands in custodia legis. Drake on Attachments (5th Ed.), § 453, p. 366; Northfield Knife Co. v. Shapleigh, 24 Neb. 635, 39 N. W. 788, 8 Am. St. Rep. 224.

In Barton v. Spencer, 3 Okl. 270, 41 P. 605, 607, the question was whether the service of the writ of garnishment prior to the service of the writs of attachment and executions had "the effect of a lien upon the property held by" the garnishee. The court stated: "To say that a creditor may have process against a party holding property of the debtor, and to follow that with the assertion that a subsequent attaching creditor may seize and hold the property * * * and thus take it out of the power of the party garnished to apply the property to the satisfaction of the debt of the creditor who first found the property, is equivalent to saying that such creditor shall not be entitled to proceed by garnishment, as such a conclusion would put it out of the power of the garnishee to respond in satisfaction of the debt, except as, in this

case, the court rendering judgment in favor of the attaching creditors, thereby giving them the property, should also render a personal judgment against the party garnished." See, also, Berry-Beall Dry Goods Co. v. Adams, 87 Okl. 291, 211 P. 79; Beamer v. Winter, 41 Kan. 596, 21 P. 1078.

This result is not inconsistent with the provisions of section 278, tit. 24, D. C. Code, 1929 (section 1081, D. C. Code, 1901), which provides that "an execution issued on a judgment of the municipal court shall not be a lien on the personal property of the judgment defendant except from the time when it is actually levied."

The garnishment results in the segregation of the personal property of the judgment debtor in the hands of the garnishee and it "must undoubtedly be, to a certain extent, in the custody of the law." Brashear v. West, 7 Pet. 608, 622, 8 L. Ed. 801.

Section 288, tit. 24, D. C. Code, 1929 (section 1090, D. C. Code, 1901), provides that attachments shall be levied upon the credits of the defendant in the hands of the garnishee by serving him with a copy of the writ of attachment "and of the interrogatories accompanying the same, and a notice that any property or credits of the defendant in his hands are seized by virtue of the attachment. * * *" To rule that after this has been done a subsequent attaching creditor might seize the property so garnisheed would be inconsistent with the intent and purpose of section 288, tit. 24, D. C. Code. The ruling of the lower court to that effect is right, and is affirmed, with costs.

Affirmed.

HITZ, Associate Justice, took no part in the decision of this case.