**HOLLYWOOD CREDIT CLOTHING CO.,**
Inc., a corporation, Appellant,

v.

Ben HUNDLEY, trading as Hundley Tire
Service, Appellee.

No. 1707.

Municipal Court of Appeals for the
District of Columbia.

Argued Nov. 14, 1955.

Decided Nov. 30, 1955.

Jack Politz, Washington, D. C., with
whom Alvin L. Newmyer, Jr., Washington,
D. C., was on the brief, for appellant.

H. Max Ammerman, Washington, D. C.,
for appellee.

Before CAYTON, Chief Judge, and
HOOD and QUINN, Associate Judges.

PER CURIAM.

Hollywood Credit, plaintiff below, caused
a garnishment to be directed to Ben Hund-
ley, a tire dealer, and instructed the marshal
to serve it on Hundley's bookkeeper, Heit-
muller. The marshal's return showed serv-
ice on Heitmuller as agent of the garnishee.
Heitmuller signed and filed answers to the
interrogatories showing that nothing was
due the judgment defendant. Plaintiff then
moved for oral examination of Heitmuller
and caused a subpoena to be issued, direct-
ing Heitmuller to appear for oral examina-
tion and to bring with him certain employ-
ment records.

Counsel for garnishee Hundley then came
in with a motion to quash the subpoena. At
the same time appellant was pressing a mo-
tion for a bench warrant for the arrest of
Heitmuller. The Municipal Court refused
the bench warrant and granted garnishee's
motion to quash the subpoena. Plaintiff ap-
peals.

It is clear that there was no error
in the rulings made below. Indeed, the
judge might properly have gone further and
ruled that the entire garnishment proceed-
ing was a nullity because no service was
ever had on Hundley the garnishee, and the
service on Hundley's bookkeeper accomp-

lished nothing. The various procedures to which a garnishee is subjected under our statute, Code, § 16–312 et seq., can only become operative and enforceable after personal service on the garnishee. See United States ex rel. Ordmann v. Cummings, 66 App.D.C. 107, 85 F.2d 273, where it was held that it is the person of the garnishee, not the *res*, which confers jurisdiction, *and when the garnishee is served* the action becomes a suit *in personam* against him; and that absent such personal jurisdiction a judgment against a garnishee would be a nullity. See also International Finance Corporation v. Jawish, 63 App.D.C. 262, 71 F.2d 985.

In this case the garnishee was never served with the writ and because of the failure of this jurisdictional requirement plaintiff had no right to press any further garnishment proceedings in the case.

Affirmed.