CASCO NATIONAL BANK of Portland, Maine, Respondent, v. JOHN CLARK et al., Impleaded, etc., Appellants.

Where in a negotiable promissory note, given for the debt of a corporation, the language of the promise does not disclose the corporate obligation, and the signatures to it are in the names of individuals, who were in fact officers of the corporation, a *bona fide* holder, without notice of the circumstances of its making, is entitled to hold it as the personal undertaking of its signers, although they have affixed to their names the title of their respective offices; this will be regarded as descriptive of the persons and not of the character of the liability.

In the absence of competent evidence showing or charging knowledge in the holder as to the character of an obligation, it must be regarded as the agreement of its ostensible maker, not of some other party not disclosed by its language or manner of execution.

While where an officer or director of a bank has knowledge of material facts respecting a proposed transaction, which his relations to it as representing the bank have given him, it becomes his official duty to communicate that knowledge to the bank, he will be presumed to have done this, and his knowledge will be imputed to the bank, knowledge by an officer derived as an individual, not while acting officially for the bank, cannot operate to its prejudice, and will not be imputed to it.

A promissory note given for the debt of a corporation was written on a blank having printed on its margin the name of the corporation. No reference to the corporation was made in the body of the note. This read, " we promise to pay." It was signed by the president of the corporation in his individual name with "Prest." written after it, and in the same manner by its treasurer with "Treas." added to his signature. The note was discounted by plaintiff for the payee before maturity. *Held*, that an action against the signers individually was maintainable; that the appearance in print upon the margin of the name of the corporation was not a fact carrying any presumption that the note was or was intended to be the note of the company ; that it was competent for the officers to obligate themselves personally, and apparently they did so by the language of the note.

*Mott* v. *Hicks* (1 Cow. 513) , *Bank of Genesee* v *Patchin Bank* (19 N. Y. 312), distinguished.

One W., a director of a corporation, the payee of the note, was also one of plaintiff's directors at the time the note was discounted. Defendants claimed that the knowledge chargeable to him as director of said corporation was imputable to plaintiff. *Held*, untenable ; that it was not incumbent on W., assuming that he actually participated in the discount, to explain that the note was the obligation of said corporation and not of the persons who appeared as its makers.

*Bank of U. S.* v. *Davis* (2 Hill, 451); *Holden* v. *N. Y. & E. R. R. Co.* (72 N. Y. 286), distinguished.

(Argued June 28, 1893; decided October 3, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 9, 1892, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry Daily, Jr.*, for appellant. The note is a valid obligation of the Ridgewood Ice Company, and the appellants are not liable on it. It is not the note of the appellants. (*Moore* v. *McClure*, 8 Hun, 557, 558, 559; *Bank of Genesee* v. *Patchin Bank*, 13 N. Y. 309; 19 id. 312, 315, 319; *Babcock* v. *Beman*, 11 id. 200; *Hascal* v. *L. Assn. of A.*, 5 Hun, 151; 66 N. Y. 616; *Mott* v. *Hicks*, 1 Cow. 514; *Hicks* v. *Hinde*, 9 Barb. 528; 1 Daniel on Neg. Inst. 230.) All the facts and circumstances surrounding and attending the making of the note were material, and the exclusion of evidence thereof was error. (*Lee* v. *M. E. Church*, 52 Barb. 116; *Chateau* v. *Suydam*, 21 N. Y. 179; *Hicks* v. *Hinde*, 9 Barb. 528; *Haight* v. *Sahler*, 30 id. 218.) The plaintiff does not aver in its complaint that it took the note without notice of its character. No evidence to support the claim of being an innocent holder was offered by the plaintiffs on the trial. It occupies no better position towards the appellants than would the payee against them. (*Hood* v. *Hallenbeck*, 7 Hun, 362, 367; *Bowne* v. *Douglass*, 38 Barb. 312, 313; *Olcott* v. *T. R. R. Co.*, 27 N. Y. 546, 547, 559.) When the name of the principal appears on the margin, it is a sufficient disclosure of the principal, and is notice to anyone taking the note of its real character. (*Slawson* v. *Loring*, 5 Allen, 340; *Tripp* v. *Swanzey*, 13 Pick. 291; *Fuller* v. *Hooper*, 3 Gray, 334.)

*Edward B. Merrill* for respondent.   It is essential that a negotiable promissory note, if properly drawn, should point out *with certainty* the parties who enter into the contract expressed by its terms.   (*Briggs* v. *Partridge*, 64 N. Y. 357.) It is too late to attempt to establish any new rule with regard to the right to determine the form, or the names of the parties thereto, or the amount promised to be paid therein, or the time or the place of payment of negotiable promissory notes, negotiated before maturity, and without notice, when presented by innocent holders for value, by the introduction of parol evidence for those purposes.   Such evidence cannot be admitted.   (*Pentz* v. *Stanton*, 10 Wend. 271; *Thompson* v. *Ketcham*, 8 Johns. 192; *Stackpole* v. *Arnold*, 11 Mass. 27; *Brown* v. *Spofford*, 95 U. S. 474; *Heman* v. *Francisco*, 12 Mo. App. 560.)   Actual possession of a negotiable instrument, payable to bearer, or indorsed in blank, is plenary evidence of title in the holder until other evidence is produced to control it.   (*Collins* v. *Gilbert*, 94 U. S. 753.)   One who signs a negotiable promissory note, or any writing, as "agent," "trustee," "director," "president," "treasurer," etc., is regarded in the law as merely describing himself, and hence is held to be personally liable. (*Taft* v. *Brewster*, 9 Johns. 334; *Stone* v. *Wood*, 7 Cow. 453; *Guyon* v. *Lewis*, 7 Wend. 26; *Barker* v. *M. F. Ins. Co.*, 3 id. 94; *Pentz* v. *Stanton*, 10 id. 271; *Moss* v. *Livingston*, 4 N. Y. 208; *De Witt* v. *Walton*, 9 id. 571; *Davis* v. *England*, 141 Mass. 590; *McClure* v. *Livermore*, 3 N. E. Rep. 41; *Hayes* v. *Matthews*, 63 Ind. 412; *Burlingame* v. *Brewster*, 79 Ill. 515.)   A tentative effort was made on the trial below to show that this plaintiff took this promissory note for discount with "notice and knowledge" of certain allegations set forth in the amended answer of defendants, in order thereby to show want of good faith on the part of the plaintiffs.   The evidence offered related to the indisputable fact that Mr. Jacob S. Winslow happened to be a director in both the Clark & Chaplin Ice Company, the payee of the note in suit, and also in the plaintiff's bank at the time this note was discounted.

No conclusion can be drawn from this fact which will legally invalidate the presumption of the *bona fides* of the plaintiff as holder for value, before maturity, and without notice of this negotiable promissory note. (*Bank of U. S. v. Dunn*, 6 Pet. 51; *Bank Coms.* v. *Bank of Buffalo*, 6 Paige Ch. 497; *Perry* v. *Millander*, 3 Louis. Rep. 568; *A. S. Bank* v. *Savery*, 18 Hun, 36; 82 N. Y. 291; *Meyer* v. *T. N. Bank*, 111 N. Y. 446, 457; 1 Morse on Banking [3d ed.], §§ 117–135.)

Gray, J. The action is upon a promissory note, in the following form, viz.:

> Ridgewood Ice Co.
>
> Brooklyn, N. Y., *Aug.* 2, 1890.
>
> $7,500.    Three months after date, we promise to pay to the order of Clark & Chaplin Ice Company, seventy-five hundred dollars at Mechanics' Bank : value received.
>
> JOHN CLARK, *Prest.*
>
> E. H. Close, *Treas.*

It was delivered in payment for ice sold by the payee company to the Ridgewood Ice Company, under a contract between those companies, and was discounted by the plaintiff for the payee, before its maturity. The appellants Clark and Close, appearing as makers upon the note, the one describing himself as " Prest." and the other as " Treas.," were made individually defendants. They defended on the ground that they had made the note as officers of the Ridgewood Ice Company and did not become personally liable thereby for the debt represented.

Where a negotiable promissory note has been given for the payment of a debt contracted by a corporation, and the language of the promise does not disclose the corporate obligation, and the signatures to the paper are in the names of individuals, a holder, taking *bona fide* and without notice of the circumstances of its making, is entitled to hold the note as the personal undertaking of its signers, notwithstanding they affix to their names the title of an office. Such an affix will be regarded as descriptive of the persons and not of the character

of the liability. Unless the promise purports to be by the corporation, it is that of the persons who subscribe to it; and the fact of adding to their names an abbreviation of some official title has no legal signification as qualifying their obligation, and imposes no obligation upon the corporation whose officers they may be. This must be regarded as the long and well-settled rule. (Byles on Bills, §§ 36, 37, 71; *Pentz* v. *Stanton*, 10 Wend. 271; *Taft* v. *Brewster*, 9 Johns. 334; *Hills* v. *Bannister*, 8 Cow. 31; *Moss* v. *Livingston*, 4 N. Y. 208; *De Witt* v. *Walton*, 9 id. 571; *Bottomley* v. *Fisher*, 1 Hurlst. & Colt. 211.) It is founded in the general principle that in a contract every material thing must be definitely expressed, and not left to conjecture. Unless the language creates, or fairly implies, the undertaking of the corporation, if the purpose is equivocal, the obligation is that of its apparent makers.

It was said in *Briggs* v. *Partridge* (64 N. Y. 357, 363), that persons taking negotiable instruments are presumed to take them on the credit of the parties whose names appear upon them, and a person not a party cannot be charged, upon proof that the ostensible party signed, or indorsed, as his agent. It may be perfectly true, if there is proof that the holder of negotiable paper was aware, when he received it, of the facts and circumstances connected with its making, and knew that it was intended and delivered as a corporate obligation only, that the persons signing it in this manner could not be held individually liable. Such knowledge might be imputable from the language of the paper, in connection with other circumstances; as in the case of *Mott* v. *Hicks* (1 Cowen, 513), where the note read, "the president and directors promise to pay," and was subscribed by the defendant as "president." The court held that that was sufficient to distinguish the case from *Taft* v. *Brewster* (*supra*), and made it evident that no personal engagement was entered into or intended. Much stress was placed in that case upon the proof that the plaintiff was intimately acquainted with the transaction out of which arose the giving of the corporate obligation.

In the case of *Bank of Genesee* v. *Patchin Bank* (19 N. Y. 312), referred to by the appellants' counsel, the action was against the defendant to hold it as the indorser of a bill of exchange, drawn to the order of " S. B. Stokes, Cas.," and indorsed in the same words. The plaintiff bank was advised, at the time of discounting the bill, by the president of the Patchin Bank, that Stokes was its cashier, and that he had been directed to send it in for discount, and Stokes forwarded it in an official way to the plaintiff. It was held that the Patchin Bank was liable, because the agency of the cashier in the matter was communicated to the knowledge of the plaintiff as well as apparent.

Incidentally, it was said that the same strictness is not required in the execution of commercial paper as between banks, that is, in other respects, between individuals.

In the absence of competent evidence showing or charging knowledge in the holder of negotiable paper as to the character of the obligation, the established and safe rule must be regarded to be that it is the agreement of its ostensible maker and not of some other party, neither disclosed by the language, nor in the manner of execution. In this case the language is " we promise to pay," and the signatures by the defendants Clark and Close are perfectly consistent with an assumption by them of the company's debt.

The appearance upon the margin of the paper of the printed name " Ridgewood Ice Company " was not a fact carrying any presumption that the note was, or was intended to be, one by that company.

It was competent for its officers to obligate themselves personally, for any reason satisfactory to themselves, and, apparently to the world, they did so by the language of the note; which the mere use of a blank form of note, having upon its margin the name of their company, was insufficient to negative.

In order to obviate the effect of the rule we have discussed, the appellants proved that Winslow, a director of the payee company, was also a director in the plaintiff bank, at the time when the note was discounted, and it was argued that the

knowledge chargeable to him, as director of the former company, was imputable to the plaintiff. But that fact is insufficient to charge the plaintiff with knowledge of the character of the obligation. He in no sense represented, or acted for the bank in the transaction, and whatever his knowledge respecting the note, it will not be imputable to the bank. (*National Bank* v. *Norton*, 1 Hill, 572, 578; *Mayor, etc.*, v. *Tenth National Bank*, 111 N. Y. 446, 457; *Farmers', etc., Bank* v. *Payne*, 25 Conn. 444.) He was but one of the plaintiffs' directors, who could only act as a board. (*National Bank* v. *Norton, supra.*) If he knew the fact that these were not individual but corporate notes, we cannot presume that he communicated that knowledge to the board. An officer's knowledge, derived as an individual, and not while acting officially for the bank, cannot operate to the prejudice of the latter. (*Bank of U. S.* v. *Davis*, 2 Hill, 451.) The knowledge with which the bank as his principal would be deemed chargeable, so as to affect it, would be where, as one of the board of directors and participating in the discount of the paper, he had acted affirmatively, or fraudulently, with respect to it; as in the case of *Bank* v. *Davis* (*supra*), by a fraudulent perversion of the bills from the object for which drawn; or as in *Holden* v. *New York & Erie Bank* (72 N. Y. 286), where the president of the bank, who represented it in all the transactions, was engaged in a fraudulent scheme of conversion. It was said in the latter case that the knowledge of the president, as an individual or as an executor, was not imputable to the bank merely because he was the president, but because, when it acted through him as president, in any transaction where that knowledge was material and applicable, it acted through an agent.

The rule may be stated, generally, to be that where a director or an officer has knowledge of material facts respecting a proposed transaction, which his relations to it, as representing the bank, have given him, then, as it becomes his official duty to communicate that knowledge to the bank, he will be presumed to have done so, and his knowledge will then

be imputed to the bank. But no such duty can be deemed to have existed in this case, where the appellants have made and delivered a promissory note, purporting to be their individual promise. If one of the plaintiff's officers did have knowledge, whether individually or as a director of the Clark & Chaplin Company is not material, that the paper was made and intended as a corporate note, his failure to so state to the bank could not prejudice it. It was in no sense incumbent upon him, assuming that he actually participated in the discount (a fact not shown), to explain that the note was the obligation of the Ridgewood Company and not of the persons who appeared as its makers. He was under no duty to these persons to explain their acts, and the law would not imply any. At most, it would be merely a case of knowledge, acquired by a director, of facts not material to the transaction of discount by the plaintiff, and which he was under no obligation to communicate. No other questions require discussion, and the judgment rendered below should be affirmed, with costs.

All concur.

Judgment affirmed.