THE FIRST NATIONAL BANK of the City of Brooklyn, Respondent, v. WILLIAM T. WALLIS and GEORGE T. SMITH, Appellants, Impleaded with Others.

1. PROMISSORY NOTE — CORPORATION — LIABILITY OF INDIVIDUAL SIGNERS OF INTENDED CORPORATE OBLIGATION. Where a bank discounts for a customer a promissory note payable to his order, running "We promise to pay," etc., and signed by third parties in their individual names, with the addition of the words "President" and "Secretary" respectively, and in law their individual note, nothing short of notice, express or implied, brought home to the bank at the time of discounting it, that the note was issued as the note of the corporation of which the signers were officers, and was not intended to bind the signers personally, can defeat, on the ground that it was a corporate obligation, the remedy of the bank against the individuals actually liable on the note as promisors.

2. REMEDY AGAINST INDIVIDUAL MAKERS OF NOTE, NOT AFFECTED BY SUIT AGAINST CORPORATION ON A SIMILAR NOTE. The fact that a bank, subsequently to discounting a note signed by individual promisors, with the addition of the names of their respective offices, and in law their individual note, brings suit upon a similar note, which matured after such discounting, against the corporation of which the signers were officers, does not of itself affect the right of the bank to pursue its remedy against the individual signers of the other note.

*First Nat. Bank* v. *Stuetzer*, 80 Hun, 435, affirmed.

(Submitted October 8, 1896; decided October 20, 1896.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered September 10, 1894, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court.

Since the taking of the appeal William T. Wallis has died, and the action has been continued in the name of George T. Smith.

This action was upon a promissory note in the following form :

" $1,100.                        JERSEY CITY, N. J., *Jan.* 20, 1893.

" Wallis Iron Works. { Three months after date, we promise to pay to the order of H. Stuetzer & Co., Eleven hundred Dollars at the First National Bank· of Jersey City, value received.

     " WILLIAM T. WALLIS, *President.*
     " GEORGE T. SMITH, *Treasurer.*"

On the day of its date the note was presented by the defendant Herman Stuetzer, one of the members of the firm to whom it was payable, to the plaintiff for discount, and it was discounted by the plaintiff and the proceeds paid to Stuetzer.

When the note was discounted no knowledge had been communicated to the plaintiff respecting the purpose for which the note was given.

The discount was made on the faith of Stuetzer without inquiry or knowledge whether it was the note of the Wallis Iron Works or the individual note of the defendants Wallis and Smith, except what appeared upon the face of the note.

The defense was that the note was the obligation of the Wallis Iron Works, not that of defendants.

*Hamilton Wallis* for appellants. The note in question does not come within the rule laid down in the two cases of *Casco Nat. Bank* v. *Clark* (139 N. Y. 307) and *Merchants' Nat. Bank* v. *Clark* (139 N. Y. 314). (*Mechanics' Bank* v. *Bank of Columbia*, 5 Wheat. 326; *Hood* v. *Hallenbeck*, 7 Hun, 362; *Stearns* v. *Allen*, 25 Hun, 558; *Whitford* v. *Laidler*, 94 N. Y. 145; *Hitchcock* v. *Buchanan*, 15 Otto, 416; *Slawson* v. *Loring*, 5 Allen, 340; *Carpenter* v. *Farnsworth*, 106 Mass. 561; *Kean* v. *Davis*, 21 N. J. L. 683.)

*Joseph A. Burr* for respondent. The note in suit was on its face the individual note of William T. Wallis and George T. Smith, and not the note of the Wallis Iron Works. (*Casco Nat. Bank* v. *Clark*, 139 N. Y. 307; *Merchants' Nat. Bank* v. *Clark*, 139 N. Y. 314.) The plaintiff is in no way prejudiced in maintaining this action by the fact that its president, under a mistaken view of the law, had previously commenced an action against the Wallis Iron Works upon a note similar in form to the one in suit, but discounted some six weeks previously, and had in the complaint in that action erroneously described the note as the note of the Wallis Iron Works, and had taken judgment by default in said action against said company. (*City of Charleston* v. *Middlesex*, 109 Mass. 270; Herman on Estoppel, § 107.)

ANDREWS, Ch. J. The character of the plaintiff as a *bona fide* holder of the note is not affected by any misconception it may have been under when it discounted it, as to the legal import of the promise, that is to say, whether the note was the obligation of the Wallis Iron Works, or of the persons who signed it in their individual names, with the addition of the names of their respective offices. The bank discounted the note at the request of its customers, the payees, before maturity, paying full value, without inquiring as to the nature of the principal obligation, and it is entitled to enforce it against the

58

defendants as individuals, if on its face it was their promise, and not the promise of the corporation of which they were officers. It may be admitted that if the bank, when it discounted the paper, was informed or knew that the note was issued by the corporation, and was intended to create only a corporate liability, it could not be enforced against the defendants as individuals, who, by mistake, had executed it in such form as to make it on its face their own note and not that of the corporation. But according to the rules governing commercial paper nothing short of notice, express or implied, brought home to the bank at the time of the discount, that the note was issued as the note of the corporation, and was not intended to bind the defendants, could defeat its remedy against the parties actually liable thereon as promisors. It appears that the bank discounted the note on the credit primarily of its customers, the payees, making no inquiry as to whether it was a corporate or individual obligation, and having no knowledge on the subject. In law it was the individual note of the defendants (*Casco National Bank* v. *Clark*, 139 N. Y. 308; *Merchants' National Bank* v. *Clark*, Id. 315), and the form of the promise is quite consistent with an intention to create an individual liability. The fact that the bank sued the Wallis Iron Works on one of the notes of this kind is not a material circumstance. That note matured and suit was brought thereon subsequent to the discount of the note now in question. The view there entertained by the plaintiff of the legal nature of the obligation did not conclude the bank from enforcing the note now in question according to its real character. If the fact of the former suit and the pleadings therein were admissible on the question of the knowledge of the bank when it discounted the present note, that it was issued for and was intended as a corporate obligation, the existence of such knowledge has been negatived by the course of the trial.

We think the judgment is right, and it should, therefore, be affirmed.

All concur.

Judgment affirmed.