(35 Misc. Rep. 300.)

## TAYLOR v. JACKSON.

(Supreme Court, Appellate Term. June, 1901.)

1. REPLEVIN—PLEADING.
   In an action by plaintiff as an individual to replevy property, he cannot recover on an allegation in his affidavit that he owns and has a right to possession of it as executor.

2. SAME—AMENDMENT OF BOND.
   Where replevin is brought by plaintiff as an individual, the bond given cannot be amended by adding after his name the word "executor."

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by Zebulon S. Taylor against Walter M. Jackson. Judgment for plaintiff. Defendant appeals. Reversed.

Argued before SCOTT, P. J., and BEACH and FITZGERALD, JJ.

W. P. Schoen, for appellant.

F. Johnson, for respondent.

PER CURIAM. There is no allegation in the affidavit submitted to support the writ of replevin which avers, in any issuable form, the fact that the plaintiff is the executor of Byron S. Sabin, deceased. The mere statement is made that he is such executor, and that as such executor he is the owner of and entitled to the possession of the goods in suit. While it thus clearly appears that, individually, the plaintiff made no claim to the said property, nevertheless he brought the action individually. A motion to vacate the writ for this reason was made and denied, and upon this proceeding an amendment was allowed, adding the word "executor" both to the summons and the affidavit. Upon the trial a motion to dismiss was made, which was disposed of by the learned trial justice saying: "While I do not agree with Judge Martin, the motion having been made before and granted by him, I have no power to review his action, and am forced to proceed with the same as I find it." This was practically a denial of the motion. It will be noted that the amendments in each case were of the one word "executor," which was purely descriptive. Bank v. Clark, 139 N. Y. 307, 34 N. E. 908. Furthermore, the undertaking given to secure the writ cites Zebulon S. Taylor as the claimant of the property and the plaintiff in the action, and it surely cannot be seriously contended that the court had power to amend such executed instrument.

Judgment reversed, and new trial ordered; costs to abide the event.

