### COLEMAN et al. v. SHORTSVILLE WHEEL CO.

#### (District Court, W. D. New York. February 21, 1919.)

#### No. 121.

1. **BANKS AND BANKING** ⬅➡116(4)—REPRESENTATION OF BANK BY OFFICERS—NOTICE TO OFFICERS.

   Knowledge obtained by an officer of a bank as an individual, and not as an officer of the bank, cannot be imputed to the bank, or permitted to operate to its prejudice.

2. **BILLS AND NOTES** ⬅➡369—DISCOUNT OF NOTE—RIGHTS AGAINST MAKER AND INDORSER.

   A bank, holding the note of a customer for valuable consideration, is not bound by an arrangement between the maker and indorser as to its payment, of which the bank had no knowledge.

3. **BILLS AND NOTES** ⬅➡360—DISCOUNT OF NOTE—EFFECT OF RENEWAL.

   The rights of a bank upon a renewal note cannot be affected by knowledge which it obtained after it acquired the original note for value and prior to the renewal.

In Equity. Suit by Richard H. Coleman and Joseph S. Coleman, copartners as the Columbia Singletree Company, against the Shortsville Wheel Company. On motion to confirm report of special master.

James McCall, of Bath, N. Y., for Bank of Avoca.
Willis C. Ellis, of Shortsville, N. Y., for receivers.

HAZEL, District Judge. On June 2, 1913, the Bank of Avoca discounted a promissory note for $3,500, payable three months after date, given by the Shortsville Wheel Company to the Avoca Wheel Company. At maturity a partial payment was made and a renewal note given. On September 2, 1914, there was due on the indebtedness $3,045.74, and the Shortsville Wheel Company then gave a renewal note, payable in three months and indorsed by the Avoca Wheel Company, to secure the debt. Meanwhile receivers were appointed for the Shortsville Wheel Company, with whom claims were thereafter filed on the indebtedness in question. Payment of a dividend on the debt was refused by the receivers, because of the existence of an agreement between the Avoca Wheel Company, the indorser of the original and renewal notes, and the Shortsville Wheel Company, the maker, that each should pay one-half of the original indebtedness when it became due, of which the Bank of Avoca was aware, and in consequence of which it could not legally collect a dividend on the

full amount unpaid. The special master found that the bank had no knowledge of the existence of the agreement in question at the time the original note was discounted, but that its cashier afterwards acquired such knowledge just before the last renewal note was made and delivered.

[1] The question of liability of the receivers for dividends on the full amount of the note is presented as a matter of law. In my opinion, in order to make the bank a party to the existing arrangement between the maker and indorser of the note, the bank must have had actual notice thereof and have given the discount pursuant thereto. Although the evidence shows that at the time of discounting the original note several directors of the Avoca Wheel Company were also directors of the Bank of Avoca, it is well settled by decisions of the highest courts of this state that knowledge derived by an officer of a bank as an individual, and not as an officer of the bank, cannot be imputed to the bank or permitted to operate to its prejudice. C. N. Bank v. Clark et al., 139 N. Y. 307, 34 N. E. 908, 36 Am. St. Rep. 705.

[2, 3] It has never been supposed that a bank holding the note of a customer for valuable consideration would be bound by an arrangement between the maker and indorser of the note regarding the method of payment. Where that is the intention, it is necessary to include the arrangement as to liability and method of payment in the note, or, at least, unequivocally to apprise the officers of the bank of it. See 8 Corpus Juris, 508, 742. And in my opinion it makes no difference that the cashier of the bank had information regarding the existing arrangement between maker and indorser at the time of the renewal of the original note, which was in no sense an extinguishment of the original indebtedness, but merely a postponement of payment. I think, in the circumstances, that the bank was entitled to the same rights and remedies that it had on the original note. Jagger Iron Co. v. Walker, 76 N. Y. 521. Aside from this, the liability of the Shortsville Wheel Company would seem to be determinable under the Negotiable Instrument Law of the state of New York (Consol. Laws, c. 38), regardless of the agreement in question, since under section 55 of that law a person lending his name as an accommodation indorser of a note becomes liable to a holder thereof for value, even though the latter knew the person to be an accommodation signer. By analogy this principle is not inapposite to the present situation.

Whatever rights eventuated to the receivers from the agreement are believed to be enforceable by action against the Avoca Wheel Company for contribution. It follows that the receivers are required to pay full dividends to the Bank of Avoca, with interest on dividends withheld, together with the fees of the special master.

So ordered.