NEW GEORGIA, NATIONAL BANK OF ALBANY, GEORGIA, Respondent, *v.* J. & G. LIPPMANN and L. J. LIPPMANN, Appellant.

(Argued October 1, 1928; decided November 20, 1928.)

*Morris Ebenstein, Stanleigh P. Friedman, David Schenker* and *Joseph H. Hazen* for appellant. L. J. Lippmann was not liable at common law as maker of the note and section 39 of the Negotiable Instruments Law does not

change that rule and impose such a liability upon him. Section 39 was not intended to apply to cases of unauthorized agents, but only to cases of authorized agents. (*White* v. *Madison*, 26 N. Y. 117; *Haupt* v. *Vint*, 68 W. Va. 657; *Southern Supply Co.* v. *Mathias*, 147 Md. 256.) The contention that section 39 impliedly imposes on the unauthorized agent the liability of a maker, violates every principle of statutory construction. (*Fitzgerald* v. *Quann*, 109 N. Y. 441; *People* v. *Palmer*, 109 N. Y. 110; *Shaw* v. *Railroad*, 101 U. S. 557; *Sutherland* v. *Mead*, 80 App. Div. 103; *Commercial Nat. Bank of Syracuse* v. *Zimmermann*, 185 N. Y. 210; *Fehr* v. *Campbell*, 288 Penn. St. 549; *Wettlaufer* v. *Baxter*, 137 Ky. 362; *Young* v. *Bank*, 152 Ky. 293; *Matter of Mandelbaum*, 80 Misc. Rep. 475; 159 App. Div. 909; *United Drug Co.* v. *Bedell*, 145 Ark. 96; *Daniel* v. *Buttner*, 38 Wash. 556.) As against L. J. Lippmann, the complaint states neither a cause of action for a breach of warranty of authority nor one in tort. (*Dusenbury* v. *Ellis*, 3 Johns. Cas. 70; *Collen* v. *Wright*, 8 El. & B. 647; *Dickson* v. *Reuter's Teleg. Co.*, L. R. 3 C. P. Div. 1; *Oliver* v. *Bank of England*, 21 Ch. 610; *Simmons* v. *More*, 100 N. Y. 140; *Taylor* v. *Nostrand*, 134 N. Y. 108; *Dung* v. *Parker*, 52 N. Y. 494; *Baltzen* v. *Nicolay*, 53 N. Y. 467; *Mickles* v. *Atlantic Brokerage Co.*, 209 App. Div. 182; *Hegeman* v. *Johnson*, 35 Barb. 200; *Fulton* v. *Sewall*, 116 App. Div. 109; *Dailey Bros., Inc.*, v. *Clements Co., Inc.*, 120 Misc. Rep. 310.)

*N. F. George, H. E. Riddell* and *John G. McGovern* for respondent. L. J. Lippmann, individually, is liable to the plaintiff-respondent on the instrument if he executed the note without authority. (*Eisinger* v. *Murphy Co.*, 285 Fed. Rep. 931; *Pain* v. *Holtcamp*, 10 Fed. Rep. [2d] 443; *Ryan* v. *Hebert*, 46 R. I. 47; *Austin Nichols & Co., Inc.*, v. *Gross*, 98 Conn. 782; *Tuttle* v. *First National Bank*, 187 Mass. 533; *Jarski* v. *Jones*, 52 N. D.

25; *Schwab* v. *Getty*, 145 Wash. 66; *White* v. *Madison*, 26 N. Y. 117; *Miller* v. *Reynolds*, 92 Hun, 400; *Marsh* v. *Falker*, 40 N. Y. 562; *Kountz* v. *Kennedy*, 147 N. Y. 124.)

CARDOZO, Ch. J. Plaintiff, a national bank, is the owner through indorsement of a promissory note signed " J. & G. Lippmann, L. J. Lippmann, Pres." It asks for judgment in the alternative (Civ. Prac. Act, § 213) against the corporation, the maker of the note, or against the president personally if, in signing the note in behalf of the corporation, he acted without authority. We are to determine whether a cause of action is stated against the individual defendant.

At common law, the remedy against an agent signing a note without authority was not upon the note itself, but for breach of an implied warranty (*White* v. *Madison*, 26 N. Y. 117). The question is whether the remedy has been enlarged by section 39 of the Negotiable Instruments Law of New York (Cons. Laws, ch. 38; Uniform Negotiable Instruments Law, § 20) which provides as follows: " Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability."

The draftsman of the statute, Mr. Crawford, holds the view that the effect of this provision is to make an agent liable on the instrument if he has signed without authority (Crawford's Annotated Negotiable Instruments Law [4th ed.], p. 52). A like view has been expressed by the Commissioners on Uniform Laws, Mr. Eaton, Judge Brewster, and Mr. McKeehan, defending the rule against an assault upon its policy (Brannon's Negotiable Instruments Law [4th ed.], p. 163; Eaton, The Negotiable Instruments Law, 2 Mich. Law Rev. 260, 265, 272, 273;

Brewster, A Defense of the Negotiable Instruments Law, 10 Yale L. J. 84, 90; Brewster, The Negotiable Instr. L., 15 Harv. L. Rev. 26, 27, 28; McKeehan, The Negotiable Instruments Law, 41 Am. Law Reg. [N. S.] 437, 462), and by commentators of great distinction dissenting in some instances as to policy, but concurring as to meaning (Ames, The Negotiable Instruments Law, 14 Harv. L. Rev. 241, 247; 16 Harv. L. Rev. 255, 256; Williston, Contracts, vol. 2, p. 2122; Chafee, Brannon's Neg. Instr. Law, *supra*). There are decisions and dicta to the same effect (*Pain* v. *Holtcamp,* 10 Fed. Rep. [2d] 443, 444; *Ryan* v. *Hebert,* 46 R. I. 47; *Austin, Nichols & Co.* v. *Gross,* 98 Conn. 782; *Schwab* v. *Getty,* 145 Wash. 66; *Jump* v. *Sparling,* 218 Mass. 324, 326), though there are others to the contrary (*Southern Supply Co.* v. *Mathias,* 147 Md. 256; *Haupt* v. *Vint,* 68 W. Va. 657). The subject has not before been considered in this court.

We think the proviso that the agent or representative shall not be liable on the instrument "if he was duly authorized" to sign, carries with it a fair implication that he shall be so liable if not authorized. The proviso does not appear in the corresponding section of the British Bills of Exchange Act. It was inserted after debate and reflection (Eaton, Brewster, McKeehan, *supra*), and was meant to accomplish something. We think the end in view was nothing less than we have stated. Before the statute was adopted, all manner of subtle distinctions had to be drawn before one could say where liability would rest (Brannon, *supra*; Mechem, Agency, vol. 1, §§ 1122, 1123). Many forms of signature indicating an intention to sign as agent for a designated principal were held to charge the agent personally. The hardship was mitigated by resort to extrinsic evidence when the controversy was one between the original parties to the paper, but not when the paper was in the hands of a holder in due course. Thus, a note bearing the name of a corporation in the margin, but signed by the president and treasurer in

their own names with the addition of their official titles, and thereafter discounted by a bank without notice *dehors* the instrument, was in law their individual promise (*Casco Nat. Bank* v. *Clark*, 139 N. Y. 307; *Merc. Nat. Bank* v. *Clark*, 139 N. Y. 314; *First Nat. Bank* v. *Wallis*, 150 N. Y. 455). Many decisions to the like effect are collated in the text books (see, *e. g.*, Brannon's Negot. Instr. Law [4th ed.] by Prof. Chafee, note to § 20; Mechem, *supra*). Slight variations of form led to variant conclusions (see, *e. g.*, *Barker* v. *Mechanic Co.*, 3 Wend. 94; *Miller* v. *Roach*, 150 Mass. 140; Mechem, § 1124). The refinement of distinction was mystifying even to the courts. It must have been more mystifying to business men in the quick transactions of the market.

The statute, as we read it, sweeps these subtleties away. Whenever the form of the paper is such as fairly to indicate to the eye of common sense that the maker signs as agent or in a representative capacity, he is relieved of personal liability if duly authorized (*Jump* v. *Sparling*, 218 Mass. 324, 326; *Consumers Twine Co.* v. *Mount Pleasant Co.*, 196 Ia. 64; *Austin, Nichols & Co.* v. *Gross*, 98 Conn. 782). But along with this relief there goes a new burden, the corrective of an exemption too broad if unrestrained. By hypothesis the signer has not meant to contract as an individual. Accordingly, there was need to make provision for the case where the agent or representative, though indicating an intention to contract otherwise than personally, had acted without authority. For this the proviso was inserted. As the price, so to speak, of relief from liability when authority exists, there is to be liability on the instrument when authority fails. Unless this was meant, the interjection of the proviso becomes an irrelevant futility. It will not do to say with the defendant that the agent is to be liable on the instrument in those cases and those only where the indication of his intention is so ambiguous that he would have been personally bound if the law had not been changed. The

statute does not distinguish between cases where he has indicated his intention unmistakably and those where he has done so more obscurely, if only what he has done is sufficient to disclose his meaning fairly. Some courts were able to discover ambiguity in a form of signature as unequivocal as the one before us here (*McCandless* v. *Belle Plaine Canning Co.*, 78 Ia. 161; *Palmer* v. *Stephens*, 1 Denio, 471). To make the rule dependent upon mere degrees of emphasis would be to keep alive the old distinctions with all their mystifying subtleties. The instrument has the same meaning whether there is authority or none. In form it is still by hypothesis the promise of the principal. Liability is imposed upon the agent, not in aid of his intention, for by hypothesis intention to the contrary has been adequately revealed. Liability exists as a duty imposed by law.

An able argument has been made to us for a narrower reading of the statute. We do not underrate its force. A choice is necessary between alternative constructions, neither of which is certain. We think the balance of persuasiveness inclines to the choice made. One other consideration of policy and convenience should be added to the scales. Courts of respectable authority have held that a right of action against an agent for breach of an implied warranty does not pass with the note unless specifically assigned (*Miller* v. *Reynolds*, 92 Hun, 400). If the agent, signing without authority, is not liable on the instrument, there might thus be a failure of justice when a note wrongfully issued was in the hands of later holders. No doubt a remedy in tort would be available to such a holder if the agent had so misrepresented his authority as to be guilty of a fraud (*Polhill* v. *Walter*, 3 B. & Ad. 114; *White* v. *Madison*, 26 N. Y. 117 at p. 125). It does not follow that there would be also a remedy in contract (*White* v. *Madison, supra;* cf. *Chysky* v. *Drake Bros. Co.*, 235 N. Y. 468). We do not say that the ruling restricting liability in such conditions would be

accepted by this court. Cases such as *Starkey* v. *Bank of England* (1903, A. C. 114) and *Sheffield* v. *Barclay* (1905, A. C. 392) are cited to uphold another doctrine. On the other hand, section 115 of the statute, which defines the warranties incidental to the negotiation of commercial paper, makes a distinction between negotiation by indorsement and negotiation by delivery; in the latter case, " the warranty extends in favor of no holder other than the immediate transferee." Whatever the final outcome, the danger of a curtailment of the remedy is not so trivial or illusory that it could safely be ignored by the draftsman of the statute. In proportion as the agent was relieved of liability if he acted with authority, there was need to charge him with liability if authority was lacking.

Other situations suggested by way of illustration in the arguments of counsel are stated only to exclude them from the scope of our decision.

The question is not here whether the agent is to be held upon the instrument when the lack of authority, though unknown to him, was known to the holder. We assume without deciding that he may sign without recourse. Conceivably a like exemption may be attained in other ways (cf. Mechem, § 1369; *Halbot* v. *Lens*, L. R. 1901, 1 Ch. 344, 349).

The question also is not here whether the holder of the note who takes it in the belief that he is obtaining the obligation of the principal, may hold the agent for breach of warranty instead of suing on the instrument if he prefers the former remedy. The rule seems to have been well settled at common law that a remedy on the instrument where the agent had misrepresented his authority would in no event displace the cause of action for damages, but, if recognized at all, would be held to be concurrent (*White* v. *Madison, supra*, at pp. 124, 125; *Dusenbury* v. *Ellis*, 3 Johns. Cas. 70). Injustice might result if it were held to be exclusive.

Nothing in our present ruling is opposed to what was held in *Megowan* v. *Peterson* (173 N. Y. 1). There the maker signed the paper as trustee without mention of his principal. He had failed, in other words, to indicate by sufficient tokens of intention that he was signing as an agent. The holding was to the effect that as between the original parties to the instrument there might be evidence of the surrounding circumstances to show the meaning of the contract (cf. *Metcalf* v. *Williams*, 104 U. S. 93; *Huntington Firnane Co.* v. *Young*, [W. Va.] 143 S. E. Rep. 102; *Phelps* v. *Weber*, 84 N. J. Law, 630).

The order should be affirmed with costs, and the question certified answered " yes."

POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Order affirmed, etc.