## In re DELPARK, Inc.
### No. 362.

Circuit Court of Appeals, Second Circuit.
June 20, 1933.

David W. Kahn, of New York City, for appellant.

Patterson, Eagle, Greenough & Day, of New York City (Charles D. Francis, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

Mrs. Corbin's proof of claim alleged a loan of $30,000 to the bankrupt of which $25,000, with interest thereon from April 30, 1931, remained unpaid at the date of the filing of the petition in bankruptcy. The trustee's objections to the claim denied the making of the loan. Testimony was taken before a referee in bankruptcy, who allowed the claim in the sum of $22,500, with interest. Both parties petitioned for review by the District Court. Its order allowed the claim for the full amount.

In the summer of 1930 the bankrupt corporation was in need of money to meet bank loans which were about to fall due. Mr. Bedell Parker was president of the corporation, and his son-in-law, Malcolm Pray, was secretary. They were intimate friends of Mrs. Corbin, and to her Mr. Pray applied for assistance. He submitted to her the corporation's financial statement and explained about its bank loans and the prospects of the business. After several interviews she agreed to advance $30,000 to meet the bank loans. This she did on July 30; at Pray's request drawing her check to his personal order. The following day he mailed to her a note for this amount, payable in six months and signed by himself and "Bedell Parker, Pres." Pray deposited the check in his personal account and used $27,500 thereof for the corporation's debts to the banks. He testified that he handled the transaction in this way because he thought he would have a better chance to obtain a renewal of the bank loans if the banks did not know that $30,000 was available to

pay them. The remaining $2,500 of Mrs. Corbin's advance, he said, was used by Parker and himself for their personal debts. On October 1, 1930, Pray sent Mrs. Corbin $5,000 which he had obtained from the corporation. Interest was paid up to April 30, 1931, but no further payments were made upon the principal. In July, 1931, the petition in bankruptcy was filed. In the meantime Mr. Parker had died. The only witnesses to testify were Pray and Mrs. Corbin. The referee found that Mrs. Corbin intended to make her loan to the corporation, and that $27,500 thereof was used to meet its obligations. For this sum, reduced by the $5,000 payment, he allowed the claim. The District Judge stated that he was convinced by a reading of the testimony that both parties intended the advance to be a corporate loan. He accordingly allowed the claim for $25,000.

The finding of the District Court that the parties intended a loan to the corporation, and not to Pray and Parker individually, should not be disturbed unless clearly unsupported by the evidence. There is ample in the record to support it.

It is urged, however, that Mrs. Corbin accepted a note which bound only the agents who signed it, not their corporate principal, and that this should be conclusive evidence that she gave credit to them personally. The argument cannot prevail. While it is clear that the agents would be personally liable upon the note at the suit of a holder in due course, the law of New York apparently would permit Mr. Parker to escape liability in a suit by the original payee if the note was not intended to bind him personally. See Casco Nat. Bank v. Clark, 139 N. Y. 307, 34 N. E. 908, 36 Am. St. Rep. 705; First Nat. Bank v. Wallis, 150 N. Y. 455, 458, 44 N. E. 1038; Megowan v. Peterson, 173 N. Y. 1, 5, 65 N. E. 738; New Ga. Nat. Bank v. Lippman, 249 N. Y. 307, 310, 164 N. E. 108, 60 A. L. R. 1344. However that may be, it may be assumed that the corporation could not be held upon the note. N. Y. Negotiable Instruments Law (Consol. Laws, c. 38), § 37; Pentz v. Stanton, 10 Wend. (N. Y.) 271, 25 Am. Dec. 558; Bigelow, Bills & Notes (3d Ed.) § 168. But Mrs. Corbin is not attempting so to hold it. Her suit is upon the original consideration. When the money was advanced to an authorized agent applying for a loan on behalf of the corporation, nothing was said about a note. Mrs. Corbin proves a loan to the corporation and a consequent indebtedness on its part. The contract upon which she claims as a creditor was made at the time of her advance and was not embodied in any writing. It is the trustee in bankruptcy who relies upon the note, subsequently sent her, as a memorial of the contract of loan, and upon the one so relying rests the burden of proving that the writing was intended as a complete memorial of the contract. Wigmore, Evidence (2d Ed.) § 2447; Stevens v. Pinney, 8 Taunton, 327. That burden was not carried. The court below accepted the testimony of Mrs. Corbin that her loan was made on the credit of the corporation rather than the individual credit of its agents. It is well settled by the authorities that parol evidence is admissible as between the original parties to explain that a loan was made to the principal, although the lender took the agents' note. Coleman v. First Nat. Bank, 53 N. Y. 388; Pierson v. Atlantic Nat. Bank, 77 N. Y. 304; Baldwin v. Bank of Newbury, 68 U. S. (1 Wall.) 234, 241, 17 L. Ed. 534; Flower v. Commercial Trust Co., 223 F. 318 (C. C. A. 8); Phelan v. Parsons, 23 F.(2d) 7 (C. C. A. 1).

We find nothing which compels a reversal of the District Court's finding of fact, and accordingly affirm the order appealed from.