## IRVING TRUST CO. v. NATIONAL CITY BANK OF NEW YORK et al.

No. 462.

Circuit Court of Appeals, Second Circuit.
July 15, 1935.

Shearman & Sterling, of New York City (Carl A. Mead, William Harvey Reeves, and John A. Wilson, all of New York City, of counsel), for appellants.

Edwin A. Falk, of New York City (Edwin A. Falk, Henry Gale, and Charles Trynin, all of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This action was brought by the plaintiff as trustee in bankruptcy of Burnet-Clark, Ltd., to recover $20,693.33, the balance claimed to be due the latter from the defendants on its checking account. The item of $20,693.33 had been debited by the defendants against the account of Burnet-Clark, Ltd., with them, and used to pay a promissory note made by Charles G. V. Clark, the president, and Ethel Burnet Clark, his wife, the secretary and treasurer of that corporation, bearing date September 20, 1928, and payable to one Maxwell, on April 15, 1929. The name of the corporation did not appear upon the note, nor was there any reference upon it to the official relations of Mr. or Mrs. Clark with Burnet-Clark, Ltd. It is the right of the defendants to debit this item to the latter that is the subject of the present litigation.

The plaintiff moved for summary judgment under rule 113 of the New York Rules of Civil Practice, upon the ground that there was no defense to the action and Judge Caffey directed judgment in its favor. The defendants made no claim that there was any order either written or oral justifying the debit, or that they received any check warranting the charge. They sought to defend the payment because of: (1) An implied authorization on the part of the corporation; (2) a ratification of the debit; (3) an estoppel to question the entry.

■ It is entirely clear that the corporation was not liable on the note because of the settled rule that the only person liable on a negotiable instrument is he whose name appears thereon. Even if he was in fact representing a principal the latter is not subject to action by the holder. Cragin v. Lovell, 109 U. S. 194, 3 S. Ct. 132, 27 L. Ed. 903; First Nat. Bank v. Wallis, 150 N. Y. 455, 44 N. E. 1038; Casco Nat. Bank v. Clark, 139 N. Y. 307, 34 N. E. 908, 36 Am. St. Rep. 705; Briggs v. Partridge, 64 N. Y. 357, 363, 21 Am. Rep. 617; Ranger v. Thalmann, 84 App. Div. 341, 82 N. Y. S. 846, affirmed 178 N. Y. 574, 70 N. E. 1108; Lowenstein v. Salop (C. C. A. 2) 55 F.(2d) 889, 891.

■ The transaction here arose out of a sale by Maxwell of 400 shares of stock of Burnet-Clark, Ltd. The parties seem to have assumed that the purchase was on behalf of the corporation, but the note was that of the Clarks, and there is no evidence that the debit to the account was directed by them or by the corporation. Moreover, what the state of the accounts between themselves and the corporation might have been we do not know and, whether it was such as to justify them in directing the defendants to charge the payment against the account of Burnet-Clark, Ltd., the record does not disclose. In such circumstances we cannot say that there was an implied authority for or a ratification of the debit. The fact that the note was not made by the corporation negatives the former, and that the Clarks, in giving their personal obligations, were not assuming to act for the corporation, precludes the latter.

■ It is attempted to imply authority for the debit as well as a ratification from the fact that on May 1, 1929, the corporation received a statement of its account with the defendants which included the debit and that it made no objection to the charge. But the authorities seem to be clear that when a bank has negligently made charges to the account of a depositor the failure of the latter to object forms no basis for subjecting the depositor to the debit either on the theory of implied authorization, ratification, or estoppel. Leather Mfrs.' Nat. Bank v. Morgan, 117 U. S. 96, 112, 6 S. Ct. 657, 29 L. Ed. 811; Critten v. Chemical Nat. Bank, 171 N. Y. 219, 63 N. E. 969, 57 L. R. A. 529; New York Produce Exchange Bank v. Houston (C. C. A.) 169 F. 785; Foshay Trust & Savings Bank

**v.** Public Utilities Consol. Corporation (C. C. A.) 64 F.(2d) 665; First Nat. Bank of Philadelphia **v.** Farrell (C. C. A.) 272 F. 371, 377.

If the Clarks had met their note due April 15, they might have been entitled to recover from the corporation the amount they had paid. That would have depended on the state of the accounts between it and them. But there is no reason, on the face of things, so far to disregard the relation of the parties as to assume without proof that they directed the defendants to debit the payment. Though the Clarks owned all the stock of the corporation, the company had liabilities and a few months afterwards was in bankruptcy. It, therefore, might make a great difference to the creditors how the obligation of the Clarks was taken care of.

We think the summary judgment was properly granted and should stand.

Judgment affirmed.