(20 Misc. Rep. 240.)

## DARLING et al. v. POWELL et al.

(Supreme Court, Special Term, Albany County.   May, 1897.)

1. EXECUTORS—INDIVIDUAL LIABILITY.
    An executor is personally liable on a note made by him as such, though
    he appended to his signature words describing his representative capacity.

2. SAME—ACTIONS AGAINST—PLEADING.
    A complaint on a note signed by defendants as executors alleged that
    defendants, as such executors, managed a business and made contracts in
    the name of their testator's estate; that on a certain day, as executors,
    they made and delivered to plaintiffs the note in suit, a copy of which was
    set out in the complaint; and that a certain sum was due thereon.   Held,
    that a good cause of action was stated against defendants individually, un-
    der Code Civ. Proc. § 534, which provides that, where a cause of action
    is founded on an instrument for the payment of money only, the party
    may set forth a copy of it, and state that there is due him thereon from
    the adverse party a specified sum.

Action by Henry H. Darling and others against George B. Powell
and another, personally and as executors of the will of Van Rens-
selaer Powell, deceased.   Defendants demur to the complaint.   Over-
ruled.

H. Judd Ward, for plaintiffs.
Long & Maxwell, for defendants.

CHESTER, J.   The defendants demur to each of two alleged causes
of action stated in the complaint on the ground that they do not
state facts sufficient to constitute a cause of action.   The defendants
are sued personally and as executor and executrix, respectively, of
the last will and testament of Van Rensselaer Powell, deceased.   In
the complaint, after an allegation that the plaintiffs are co-partners,
it is alleged that on the 22d day of October, 1892, the defendants
were respectively appointed executor and executrix of the last will
and testament of Van Rensselaer Powell, deceased, and have ever
since been and acted as such; that since the death of Powell, and
since their appointment as executor and executrix, the defendants
have conducted and managed a business in Troy, and purchased goods
and merchandise, and made and entered upon and into contracts, both
executed and executory, apparently, as said executor and executrix,
and in the name and style of the estate of Van Rensselaer Powell;
that on the 16th day of October, 1896, the defendants "made in their
names as said executor and as said executrix and the estate of
Van Rensselaer Powell their promissory note in writing, of which
the following is a copy."   Then follows a copy of the note, dated on
that day, which recites that it was made for value received, and
which is signed, "George B. Powell, Ex., Helen M. Saxe, Ex., estate
of V. R. Powell."   It is then alleged that the note was delivered
to the plaintiffs (the payees therein named), and that there is due to
the plaintiffs from the defendants thereon a sum specified, for which
judgment is demanded.   The complaint also alleges in the same way
a second cause of action upon another note of the same date, and
signed in the same way.

It is well settled that a debt contracted by an executor after the death of his testator, although contracted by him as executor, binds him individually.   Austin v. Munro, 47 N. Y. 360; Willis v. Sharp, 113 N. Y. 586, 21 N. E. 705. ' It clearly appears from the complaint that the notes sued upon bear date long after the issuing of letters testamentary to the defendants, and consequently long after the death of the testator.   The adding to the signature the name of office as executor in such a case will not affect the individual liability. Schmittler v. Simon, 101 N. Y. 554, 5 N. E. 452.   The complaint in this case therefore states a good cause of action as against the defendants individually, under section 534, Code Civ. Proc., which provides that where a cause of action is founded upon an instrument for the payment of money only, the party may set forth a copy of the instrument, and state that there is due to him thereon from the adverse party a specified sum which he claims.   It is unnecessary, therefore, to consider whether or not the complaint states a good cause of action against the defendants in their representative capacity as executors, for the reason that, if the complaint shows that the plaintiff is entitled to any relief upon the facts stated, the demurrer cannot be sustained.   Marie v. Garrison, 83 N. Y. 23.   The demurrer is therefore overruled, with costs, with leave to defendants to withdraw the same, and answer over on payment of costs of the demurrer.

Ordered accordingly.