PACKARD v. DUNFEE et al.

(Supreme Court, Appellate Division, Fourth Department. May 1, 1907.)

1. EXECUTORS—MANAGEMENT OF ESTATE—INDORSEMENT OF NOTES.

Executors have no power to bind the estate of their testator by making a contract of indorsement.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 415.]

2. BILLS AND NOTES—INDORSEMENT—DISCHARGE OF INDORSER—ASSIGNMENT—RECOURSE BY ASSIGNEE.

Where a note was indorsed to a bank by defendant's testator, and after his death, it being protested for nonpayment, one of his executors, using the funds of the estate, took up the note from the bank and assigned it to plaintiff, together with the chattel mortgage securing it, the estate cannot be held on the contract of indorsement, since it was terminated when the note was taken up from the bank.

3. EXECUTORS—AUTHORITY BEFORE PROBATE OF WILL.

Where an executor took up a note from a bank, to which his testator had indorsed it, after it had been protested for nonpayment, he had authority to transfer it to another, although the will had not been admitted to probate, and consequently he had no authority to make the transfer as executor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 327.]

Appeal from Onondaga County Court.

Action by Nathan J. Packard against Anna Dunfee and another, as executors of the will of John Dunfee, deceased. From a judgment of the County Court, reversing a judgment of the Municipal Court for plaintiff, he appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Samuel Packard, for appellant.
John W. Hogan, for respondents.

SPRING, J. On the 13th of October, 1904, Myron Blackmon executed and delivered his promissory note for $350, due in three months, with use to the order of John Dunfee, payable at the State

Bank of Syracuse. As collateral security for the payment of said note Blackmon executed and delivered to Dunfee a chattel mortgage on an automobile. Dunfee indorsed said note and negotiated it with the State Bank, but did not assign or deliver over the chattel mortgage to the bank. Before the maturity of the note, and on the 24th of December, 1904, Dunfee died, leaving a last will and testament in which he nominated the defendants executors, and which was admitted to probate on the 19th of January, and letters testamentary issued. On the 13th of January the note was duly protested for nonpayment to bind the Dunfee estate on the indorsement of the testator. The plaintiff, a note broker, was a creditor of Blackmon, and had been interested with him in business. On the 16th of January Mr. Rosenbloom, the attorney for the plaintiff and on his behalf, paid Cummins, the executor named in the will, the amount unpaid on the note, at the same time receiving from him an assignment under seal of the note and chattel mortgage, containing a certificate of the amount due thereon, which was executed by Cummins "as executor of the estate of John Dunfee, deceased." The plaintiff evidently believed that the note belonged to the estate of John Dunfee; but in fact the note, as already indicated, was owned by the bank. Cummins delivered the assignment to Rosenbloom for the plaintiff, and agreed to get the note and mail it to him, which he did later in the day. Cummins did not use the check he received from the plaintiff to take up the note. He gave his personal check instead, testifying, however, that it was "paid by the money belonging to the Dunfee estate and some other money." The note was not canceled by the bank, and when delivered to the plaintiff by Cummins it bore the indorsement of John Dunfee. Blackmon was irresponsible, and the collateral security turned out to be worthless, and the plaintiff has sued the executors, alleging that their liability existed by reason of the indorsement of Dunfee upon the note.

The plaintiff, in order to secure another indebtedness to him from Blackmon, took a chattel mortgage covering the automobile described in the Dunfee mortgage, with other property. This was done on January 16th, the same day of the transaction with Cummins, the defendant. The evidence shows that Packard occasionally loaned money to Blackmon at usurious rates of interest, accepting securities which were somewhat precarious. In this condition of affairs he directed Rosenbloom to get the note against Blackmon which had been given to Dunfee. He supposed the note belonged to the Dunfee estate. He could not, therefore, have been expecting that it would be indorsed by John Dunfee, then deceased. The indorsement would be made only in the event of the negotiation of the note by him. The plaintiff intended to get the Blackmon note and the chattel mortgage security, and he then, upon taking the second mortgage, would have entire control of the mortgaged property. On the other hand, if he took the second mortgage, with the first mortgage belonging to the Dunfee executors as security for an overdue note, which in the administration of the estate would be likely to be speedily collected, his own security would be very hazardous. The executors, even if vested with full authority by the probate of the will and the issuance of

letters testamentary, had no power to bind the estate by making the contract of indorsement. Schmittler v. Simon, 101 N. Y. 554, 5 N. E. 452, 54 Am. Rep. 737. In the conversation with Rosenbloom, the fact that the note was owned by the bank was not disclosed. He accepted the assignment of the mortgage and arranged for the mailing of the note to him, all in the belief that the note belonged to the Dunfee estate, and consequently there was no expectation on his part that the note would bear the indorsement of Dunfee. The executor would have transcended his authority by making a contract of that nature enforceable against the representatives of the estate. So far as the plaintiff is concerned, if he received the note without the indorsement of Dunfee, he obtained precisely what he intended. The transfer of the note which is contained in the written assignment passed the interest of the Dunfee estate in the note without indorsement. Now the note was owned by the bank. Cummins did not indorse and deliver the Packard check to the bank and direct it to send the note to the plaintiff. He gave his own check to the bank, as he testified, paying it out of moneys, in part at least, of the Dunfee estate. The bank returned the note to Cummins, as the representative of the Dunfee estate, uncanceled. That was the natural thing to do, when a note is paid at a bank by the accommodation indorser. He ordinarily holds it as a live obligation against the maker. The Dunfee estate thereupon became revested with the possession and title of the note. The contract of indorsement was then terminated. Cummins was assuming to act for the Dunfee estate, and it was essential for him to get the note back in the estate in order that he might carry out his agreement with Packard. Perhaps a proper precaution ought to have suggested to Cummins to erase the signature of Dunfee on the back of the note, or to add to it "without recourse," or an equivalent expression denoting there was no liability on the part of the indorser. The note was, however, overdue. There was no certificate of protest attached, and there had been no intimation by Rosenbloom that Packard expected to hold the executors of Dunfee on the note. On the contrary, as already noted, Packard apparently had no such intention.

We are not impressed by the discussion of the question of agency. The transaction speaks for itself. There is no dispute over the facts which we deem controlling. The plaintiff accepted the note and mortgage without any anticipation of holding the defendant on the indorsement of Dunfee, and Cummins' understanding agreed exactly with that of the plaintiff. With that fundamental proposition obvious in the case, there ought not to be much difficulty in making the under-standing effective.

The fact that the will had not been admitted to probate, and consequently that Cummins had no authority to make the transfer as executor (Code Civ. Proc. § 2613) is unimportant. The defendants are not repudiating the validity of the assignment of the note or chattel mortgage. In order to do that they would first be called upon to tender back the money which the plaintiff paid for the note and mortgage. They are ratifying the transaction of Cummins, only they are resisting liability on the indorsement contract made for a specific purpose which had been accomplished. The transfer of the note was

tantamount to a return of it to the maker by the accommodation indorser, and in no sense was in excess of the authority possessed by Cummins. He could not make a new contract of indorsement founded on the signature of Dunfee, and the parties did not contemplate any such thing.

The judgment of the County Court, reversing the judgment of the Municipal Court, should be affirmed, with costs.

Judgment of the County Court affirmed, with costs. All concur.