In the Matter of the Estate of ANGELO BALCONE, Deceased.

Surrogate's Court, New York County, August 12, 1932.

*Joseph P. Blechman,* for the administrator.

*Joseph Guadagno, Jr.,* for the petitioner for revocation of letters.

*Nathan Lieberman,* for the petitioner.

FOLEY, S.   The various objections filed by the next of kin are disposed of in accordance with the rulings of the surrogate upon the trial, excepting those upon which decision was reserved.

The remaining objections cover (1) the proper computation of commissions which will be determined upon the settlement of the decree.

(2) I hold that the evidence establishes that Carmela Izzo De Sapio, Beniamino Izzo and Giuseppe Izzo are the persons legally entitled to take by intestacy the estate of the decedent (Former section 98, subdivision 16, Decedent Estate Law, in effect at the date of death of the decedent on June 9, 1930). Distribution is, therefore, decreed to such distributees subject to the terms of the stipulation of compromise between said distributees and Louisa Nisito and Anna De Cicco filed in this proceeding.

(3) Finally, the objections of the next of kin and the Italian Plan Company, Inc., which relate to the liability of the estate upon two promissory notes made by the administrator in the aggregate sum of $600 remain for disposition. It appears from the testimony that the administrator applied for two loans from that company. In each case he pledged five shares of the stock of the Bank of America as collateral for the loan. The notes were signed by him as administrator of the estate. The stock was that of the decedent and had been transferred in the name of the administrator prior to its deposit as collateral. The shares were assets of the estate. The Italian Plan Company, Inc., contends that the estate is obligated to pay the amount of the notes. On the other hand, the administrator and the next of kin contend that the loans were made personally to the administrator for his individual purposes and that the proceeds were not used for estate purposes. The evidence conclusively establishes that the notes are not estate obligations and that the beneficiaries should not be charged with them. The administrator borrowed these moneys for his own individual purposes. He informed the official of the bank, Mr. Piccarillo, that he desired the loans for his personal use. Under the terms of the loans he was required to repay a weekly sum over a period of one year. No necessity existed for the estate to borrow these funds. The proceeds of the loans were paid to him in cash, and not to him, by check, as administrator. They were not applied to any estate purpose nor deposited in the estate account. The mere fact that he signed as administrator and not individually is of no importance in this situation. (*Jenkins* v. *Phillips*, 41 App. Div. 389; *New Georgia National Bank* v. *Lippmann*, 249 N. Y. 307; Twyeffort, New York Estates [2d ed.], p. 871; *Darling* v. *Powell*, 20 Misc. 240.) A fiduciary cannot, by the mere addition of his title as trustee or other representative, alter his individual liability or impose an obligation upon the beneficiaries in favor of the lender where no advantages accrued to them from the loan. The transaction is to be scrutinized in the light of the actual circumstances of the loan. As between the lender and the borrower (the fiduciary), or the lender and the estate, the form of the note is not conclusive. (*Schmittler* v. *Simon*, 101 N. Y. 554; *Megowan* v. *Peterson*, 173 id. 1.) Primarily the liability of the administrator or executor who signs the note in his representative capacity is a personal one against himself and not against the estate. (*Darling* v. *Powell*, 20 Misc. 240; *Austin* v. *Munro*, 47 N. Y. 360; *Wills* v. *Sharp*, 113 id. 586.) If the proceeds have been used in good faith for estate purposes, the lender is subrogated in equity to the right of the representative to reimbursement and the debt constitutes a valid estate charge.

(*Matter of Forbes*, 213 App. Div. 338; *Hamlin* v. *Smith*, 72 id. 601.) On the other hand, if the form of the note is a mere pretense, and the proceeds have been diverted by him, or used for other than estate purposes, no right of subrogation or recovery against the estate assets can be enforced by the lender. In such a situation the making of a note by an executor or administrator, or his indorsement in a representative capacity, cannot bind the estate. (*Packard* v. *Dunfee*, 119 App. Div. 599.)

Such was the situation in this estate. The administrator pocketed the funds in the belief that he had an interest in the estate. In fact, he had no such interest. The lender advanced the moneys with knowledge of his fiduciary capacity (*Bischoff* v. *Yorkville Bank*, 218 N. Y. 106), and the evidence shows that the notes were actually his personal obligations. The claim of the Italian Plan Company, Inc., is, therefore, disallowed upon the merits. Moreover, I hold that the administrator must be surcharged for the diversion of the estate stock which was used by him as collateral for his individual loan. The amount of this surcharge will be based upon the value of the stock as of the dates of diversion, that is, when the stock was pledged with the lender.

Submit decree on notice settling the account accordingly.