O. NELSON RUSHWORTH and Another, as Executors, etc., of FLORENCE JANE WHIPPLE, Deceased, Plaintiffs, v. FLORENCE AGNES LEONE POWERS and Others, Defendants.

Supreme Court, Chautauqua County, November 9, 1933.

*Jude & Johnson* [*Robert H. Jackson* of counsel, and also for the defendant Bank of Jamestown], for the plaintiffs.

*H. V. N. Bodine*, for the defendant Leonard J. Field.

*Lombardo & Rickard* [*Clarence Pickard* of counsel], for the defendants Powers.

CHARLES B. WHEELER, Official Referee. This is an action to establish an equitable lien on property of a trust estate created under the will of Florence J. Whipple, under circumstances later stated in this opinion.

The will in question reads as follows:

" I, Florence Jane Whipple, of the City of Jamestown, County of Chautauqua and State of New York, being of sound and disposing mind and memory, do make, publish and declare this to be my last Will and Testament, in manner following, that is to say:

" *First.* I direct the payment of all my just debts and funeral expenses.

" *Second.* I give, devise and bequeath to Otis Darling and Effie Darling, of Jamestown, N. Y., each ten shares of the common stock of the Evangeline Oil Company.

" *Third.* I give, devise and bequeath to Leon Powers and Ada Powers, his wife, all remaining shares of stock held by me in the said Evangeline Oil Company, the same to be theirs absolutely and forever.

" *Fourth.* All the rest, residue and remainder of my estate, except as hereinafter disposed of, both real, personal and mixed, and wheresoever the same may be situate, I give, devise and bequeath to my executors hereinafter named, in trust, nevertheless, for the benefit of my grandchild, Florence Agnes Leone Powers, of Jamestown, N. Y., to invest the same in good interest bearing securities such as are permissible for guardians to invest under the laws of the State of New York, and to use the income, increases and profits thereof for the support, education and maintenance of my said grandchild, and so much of the principal sum thereof as may be necessary in the judgment of my said executor, and I direct my executor hereinafter named to conserve the income and

principal of my estate for the purpose of obtaining for my said grandchild an education over and above the ordinary high school course, and the support and maintenance, other than while attending school, shall be justly borne by her father and my son, Leon J. Powers, according to his circumstances. It being my intention to except and reserve from the disposition, along the lines above indicated, my home now located at the corner of Prendergast Avenue and Eighth Street in the City of Jamestown, N. Y., and I will and direct that my executor preserve the same for my said grandchild until she arrives at the age of twenty-five years. The above provided trust shall continue in force until my said grandchild shall arrive at the age of twenty-five years, at which time I direct my executor to pay over to her the principal and any undistributed income or accumulations.

" In the event that my grandchild sooner die then according to the statute of descent and distribution of the laws of the State of New York.

" While my said grandchild is now being supported by my son, Leon J. Powers, who is now residing elsewhere than in the City of Jamestown, I hereby authorize and empower my executors, if in their judgment it shall seem best, during the life of this trust, to permit said Leon J. Powers and his wife to occupy my premises located at the corner of Prendergast Avenue and Eighth Street, provided he, the said Leon J. Powers, shall keep the same in proper state of repair, pay the expenses and keep the premises properly insured and shall pay the annual taxes thereon, the same to be in lieu of rent.

" I now own other real estate located in the City of Jamestown, N. Y., and it is my wish that the same be held by my executor until a favorable opportunity to sell arises to the end that the same shall not be sacrificed for the purpose of this trust.

" Whereas, I now own four $1,000.00 bonds of the New Orleans & Great Northern Railway Company, which are held at the present time by the Crawford County Trust Company of Meadville, Pennsylvania, as collateral for a promissory note I now owe said bank, and,

" Whereas, I intend to pay upon said note from time to time as my circumstances will permit in reduction of the principal I give, devise and bequeath one of said bonds to my son, Leon J. Powers, one to my daughter-in-law, Ada Powers, one to my grandchild, Florence Agnes Leone Powers, and one to George Gidler, subject, however, to the following terms and conditions: That the amount unpaid on said note at the time of my death shall be divided into four equal proportions and each proportion

shall be a lien on one each of the bonds above mentioned, which lien shall be assumed by each devisee receiving such bond; that banking arrangements of which shall be arranged by my executors hereinafter named as in their judgment shall seem best.

" The bond going to my grandchild and the lien thereon shall be considered and handled as a part of my residuary estate hereinbefore disposed of.

" The bond going to George Gidler shall depend and be conditioned upon his remaining with me the rest of my life, but if he shall leave me at any time prior to my death alone and unattended for an unreasonable length of time then the bequest hereinbefore made to him shall lapse and return and be a part of my residuary estate.

" *Fifth.* I give, devise and bequeath to George Gidler, in consideration of his kindness and care for me, two vacant lots located on Forest Avenue Extension, adjacent to the City of Jamestown, in the Town of Ellicott, the same to be in lieu of any and all claims he may have against my estate for services and personal attention given me during my last sickness, and in the event that the said George Gidler shall present a claim against my estate for nursing, personal attention and services then and in that event the devise herein made to him shall lapse and become a part of my residuary estate.

" I hereby authorize and empower my executors hereinafter named to sell and convey by good and sufficient deeds of conveyance any real estate of which I may die seized at such times and at such places and upon such terms as my said executor shall deem meet and proper.

" *Lastly.* I hereby nominate, constitute and appoint O. Nelson Rushworth and Harold E. Crissey, both of Jamestown, N. Y., executors of this my last will and testament, and in the event of the death of any devisee prior to my death, the legacy shall lapse and revert to my residuary estate, hereby revoking any and all former wills by me made.

" In witness whereof, I have hereunto set my hand and seal this 14th day of February, in the year One Thousand nine hundred and twenty-two.        FLORENCE JANE WHIPPLE.

" We, whose names are hereto subscribed, do certify, that on the 14th day of February, 1922, Florence Jane Whipple, the testatrix, subscribed her name to this instrument in our presence and in the presence of each of us, and at the same time, in our presence and hearing, declared the same to be her last will and testament and requested us, and each of us, to sign our names thereto as witnesses to the execution thereof, and which we hereby

do in the presence of the testatrix and of each other on the said date and write opposite our names our respective places of residence.

" Mrs. ANNIE M. STUMPF, residing at Jamestown, N. Y.
" EMMETT H. Ross, residing at Jamestown, N. Y."

It will be noted by the provisions of the will that the trustees are to devote the income from the trust estate to the " *support, education and maintenance* " of the grandchild and " *to conserve the income and principal of my estate for the purpose of obtaining for my said grandchild an education over and above the ordinary high school course.*" For the accomplishment of this purpose the trustees were authorized to resort to the " *principal* " as well as the income of the trust estate.

The facts are that the income received was not sufficient to meet the requirements for the support and education of the grandchild, and constant demands were made upon them for money to meet such expenses. They endeavored to meet these demands and for that purpose borrowed from the bank to supply the necessary funds.

There appears to be nothing to show that in so doing the trustees acted in anything but good faith. The grandchild received the benefit of such advances.

The trustees rendered to the surrogate of Chautauqua county an account of their proceedings as such executors and trustees and petitioned that court for leave to execute a mortgage for the purpose of paying the indebtedness so incurred in the management of the estate.

The grandchild being a non-resident of the State, it became necessary to publish the citation issued by the surrogate in order to obtain jurisdiction of the grandchild cited. By some mistake or oversight, this citation was not published the required length of time, and for that reason was not sufficient to confer jurisdiction on the court to act. Nevertheless, the Surrogate's Court assuming the service of the citation regular assumed jurisdiction and passed and approved the accounts of the executors and trustees, and in the same order authorized the execution and giving of the mortgage prayed for. The executors and trustees thereupon did execute and give to the Farmers and Mechanics Bank of Jamestown, N. Y., a mortgage for $5,000 covering the real property described in the complaint, and the bank subsequently transferred and assigned to the defendant Leonard J. Field the bond and mortgage in question. Field subsequently began a foreclosure of said mortgage in the County Court of Chautauqua county. The grandchild, Florence Agnes Leone Powers, was made a party defendant in the

foreclosure action and appeared and defended the action contending the mortgage was illegal and void because its giving and execution were never legally authorized, not only because the Surrogate's Court never acquired jurisdiction of her to grant the order made on the accounting, but also for the reason that the Surrogate's Court was never given the power by statute to authorize its execution.

The issues so framed in the foreclosure action were tried in the County Court and it sustained the contention of the defendant Miss Powers on both grounds, holding the mortgage illegal and void, and by its judgment directing the cancellation of said mortgage. This court entertains no doubt as to the correctness of the decision of the County Court.

In any event, no appeal was taken from said judgment, which in these proceedings must be taken as *res adjudicata.*

Subsequent to the rendering of the decision in the County Court, the plaintiffs in this present action began this suit in equity setting up in the complaint the facts recited, and praying for equitable relief and that the two parcels of real estate described in the complaint, and all other assets of the estate of said decedent, be declared impressed with a trust for the payment of said bond and mortgage, and for the payment of all the debts, obligations and liabilities of said estate including the administration thereof by the plaintiffs, and for such other and different relief as may be just and equitable.

The question presented is whether such or other relief may be granted.

The mortgage in question has been declared illegal and void and this court has no power or authority by any adjudication to be made in this action to restore it or enforce it as a lien on the property covered by it.

The question, however, still remains whether the executors and trustees may not look to the trust estate to reimburse themselves for moneys paid and advanced for the benefit of the defendant Florence Agnes Leone Powers, and for other legitimate purposes in the administration of the trust estate.

The amount of such advances and legitimate expenses and claims, of course, are to be fixed and determined by an accounting of their acts in such administration by an accounting rendered by them to the Surrogate's Court. Such an accounting has been rendered by them, and by an order of the Surrogate's Court the same has been also referred to this referee to pass on the same and remains to be disposed of by this referee in a separate report in that proceeding. The issues framed in this action and by

objections filed to the executors' account were tried together before this referee.

The referee is of the opinion the plaintiffs are entitled to equitable relief and that the estate of the testator should be impressed with a trust to pay the amount due and owing for the advances made by them and for the expenses of administration. They do not seek to recover from Miss Powers any advances made or paid her. That, of course, they could not do.

They simply ask that what they have expended in carrying out the provision of the will may be secured to them, by enabling them to look to the assets of the estate for such payment, contending the beneficiary under the will is only entitled to receive such estate after all legitimate charges against it have been met.

The proceeds of this mortgage were used by the plaintiffs for the following purposes, to wit:

| | | |
|---|---:|---:|
| Paid to Farmers and Mechanics Bank in satisfaction of first mortgage existing on said property | $2,550 | 00 |
| Accrued interest on said mortgage | 22 | 09 |
| To Farmers and Mechanics Bank in payment of note given said bank by the plaintiffs due May 29, 1928 | 1,888 | 08 |
| To said bank in payment of note due April 10, 1928, for money borrowed by said plaintiffs | 386 | 28 |
| To said plaintiffs for costs, commissions and disbursements allowed by decree of surrogate of March 4, 1927 | 491 | 86 |
| To special guardian in surrogate proceeding | 50 | 00 |
| To the plaintiffs for costs and disbursements and commissions under decree of March 17, 1928 | 274 | 88 |
| Expenses incurred in the execution and delivery of mortgage | 36 | 89 |
| | $5,000 | 00 |

The defendant Florence Agnes Leone Powers has had and received the benefit of all of said $5,000 by reason of advances made and by the payment of the mortgage for $2,550 existing on the premises at the time of the death of the testatrix, saving and excepting the following items above stated, to wit:

| | | |
|---|---:|---:|
| Commissions and disbursements under decree of March 4, 1927 | $491 | 86 |
| Special guardian | 50 | 00 |
| Commissions and expenses under decree of March 17, 1928 | 474 | 88 |
| Cost of execution of mortgage | 36 | 89 |
| | $1,053 | 63 |

If we deduct this amount of $1,053.63 from the $5,000, we have a balance of $3,946.37, of which the defendant Miss Powers has had the direct benefit, first, by the payment of the prior existing mortgage of $2,250, with interest, and the further sum of some $1,369.28 advanced by the bank and used for her maintenance and education under the direction of the will. Items for commissions entering into the $1,053.63 difference should be allowed the executors and trustees, the exact amount of which should be determined on the final accounting. Items of $50 for special guardian and $36.89, costs of executing mortgage, in view the court has determined said mortgage to be null and void, are of more doubtful nature.

In any event, it would seem the executors and trustees have or will have on the final adjustment something in excess of $5,000 of claims growing out of the administration of the estate.

All of these charges the defendant Miss Powers has had the benefit of. They were made in carrying out the provisions and directions of the will. The will expressly provides resort may be had to the " *principal* " of the estate if necessary and proper. It became and was necessary to resort to the *principal* " " for such purposes. It is no more than just and equitable that the estate should reimburse the executors and trustees for any amount required. It is true that Miss Powers has now reached the age of twenty-five years and is entitled to receive the estate, but the fact that the trust has terminated we do not conceive entitles her as the beneficiary to take the estate left discharged of any fair and legitimate claims against it. Certainly it cannot be claimed the executors should be deprived of commissions and expenses simply because the duration of the trust has expired. Whatever personal property remained surely could be held until such commissions and expenses are paid and, if necessary, the executors and trustees would be justified in a sale and disposition of such personal property to raise the necessary funds to pay them.

The personal property in the trust estate is not sufficient to do this, and resort must be had to the real property. We are unable to see any distinction between real and personal property in that regard. The real property formed a part of the " *principal* " to be resorted to, if necessary, just as much as the personalty, and we think is equally bound by the equities of the case.

About all that can be said is that the executors and trustees did not sell the real property before Miss Powers attained twenty-five years of age. The will gave them a power of sale, but this appears not to have been exercised at the time in deference to

the wishes of the parents of Miss Powers, who assumed to speak for her.

The giving and execution of the bond and mortgage did not extinguish and pay the bank the debt owing it although it has been adjudicated that the mortgage was illegal and void. That left the executors and trustees and the bank just as though the mortgage had never been given.

The will gave the executors a power of sale of the real property. This power, of course, could only be exercised to carry out the provisions of the will. It is, however, probably true that power may still be exercised, if necessary, to carry out the provisions of the will, although Miss Powers has attained the age of twenty-five.

It probably, however, is safer that an equitable lien should be declared on the real estate and a sale be had to satisfy such lien.

We have already said that $2,572.09 of the proceeds of the mortgage of $5,000 were used in payment and discharge of a prior mortgage on the mortgaged premises, existing at the time of the death of the testatrix. If the defendant Miss Powers should succeed in her contention in this action, then she would take the property mortgaged freed and discharged from its lien. This clearly would be most inequitable and unjust and clearly as to this equity would give relief. Neither can we discover any good reason why the executors and trustees should not have equal relief as to moneys paid Miss Powers in carrying out the provisions of the will authorizing a resort to the principal of the trust estate for that purpose. These include, of course, money paid her for her maintenance and education during the life of the trust, and for legal commissions in the management of the trust as executors and trustees.

Having reached the conclusion that the facts present a case for equitable relief, there still remains the question what form such relief shall take by reason of the peculiar relation of the plaintiffs to the defendants in the action.

The plaintiffs in their capacity of executors and trustees have received from the bank in the manner specified the sum of $5,000 which they endeavored to secure by a bond and mortgage for that amount. The court has held the security given null and void. The plaintiffs, however, remain indebted to the bank for the $5,000 received by them. The bank, however, assigned the bond and mortgage to the defendant Field. Probably this amounted to an equitable assignment of the debt or claim of the bank against the plaintiffs as executors and trustees. Field in turn has asserted a claim against the bank to be paid the amount of said bond and mortgage on account of the judgment declaring them null and

void and unenforcible. The County Court in the foreclosure action did not hold the indebtedness created by the plaintiff unenforcible, or null and void. It only held the security given null and void. We think it intended to go no further.

The indebtedness created should be paid. How may this be accomplished and at the same time protect the interest of all parties?

We think this may be done by a decree in favor of the plaintiffs impressing a lien on the assets of the trust estate to be enforced by a resort to any personal property in the trust estate, if such there be, and then by a sale of the real property, if necessary, to make up the amount required, as established in the final accounting in the Surrogate's Court.

We think the decree should provide that any sums so received by them by the enforcement of the equitable lien shall be deemed held in trust by them and paid to the said Field in liquidation of said indebtedness for borrowed money, and next to the payment of the commissions and expenses of administration, and any balance remaining to be paid to the said defendant Florence Agnes Leone Powers, the beneficiary under the trust.

We are of the opinion such a decree will protect the rights and equities of all parties.

The referee is of the opinion the decisions of the courts sustain the conclusions reached. We need but cite some of the authorities touching the questions involved.

A personal representative, who in good faith advances funds for the benefit of the estate, is entitled to reimbursement. (24 C. J. § 1205, p. 441; *Matter of Gill*, 199 N. Y. 155, 160; *Matter of Bolton*, 146 id. 257.)

It is the general rule that representatives should be reimbursed for funds advanced for the benefit of the estate.

It is also a rule that when funds are loaned to a representative of an estate of a decedent for the benefit of the estate, the lender is entitled to be subrogated to the right of the representative to be reimbursed for funds so used for the benefit of the estate. (*Hamlin* v. *Smith*, 72 App. Div. 801; *Matter of Forbes*, 213 id. 338; *Matter of Balcone*, 145 Misc. 499.)

Where a court of equity has obtained jurisdiction of a cause of action it has authority to make a decree necessary to carry into effect the relief required to do justice between the parties. (*Spears* v. *Mayor of New York*, 87 N. Y. 359, 376; *Russell Hardware & Implement Mfg. Co.* v. *Utica D. F. & T. Co.*, 195 id. 54, 60; *Lightfoot* v. *Davis*, 198 id. 261, 272; *Bloomquist* v. *Farson*, 222 id. 375, 380.)

The amount and extent of the lien cannot be determined by the

referee until the accounts of the executors and trustees have been finally determined by the Surrogate's Court after the commissions of said trustees and executors and all allowances made by said Surrogate's Court have been made, the referee under the order of the Surrogate's Court being only authorized to try and determine the issues raised by the objections filed to said accounts. The judgment in this action will, therefore, establish the right to the lien asked and provide that upon the rendering by the Surrogate's Court of an order or judgment of that court finally fixing and determining the amount or balance due and owing said executors and trustees, the plaintiffs in this action may apply on the foot of the decree to be entered herein for a further judgment or decree fixing and determining the amount of the equitable lien to which said plaintiffs are entitled.

Let a decision and judgment be drawn and entered in accordance with the views above expressed.